JABER, Appellant,

v.

PRUDENTIAL INSURANCE COMPANY OF AMERICA et al., Appellees.

[Cite as *Jaber v. Prudential Ins. Co. of Am.* (1996), 113 Ohio App.3d 507.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–95–347.

Decided Aug. 16, 1996.

*R. Jeffrey Lydy,* for appellant.

*John S. Wasung* and *J. Mark Trimble,* for appellees.

ABOOD, Judge.

This is an appeal from a judgment of the Lucas County Court of Common Pleas which granted summary judgment in favor of appellees Prudential Insurance Company of America et al. ("Prudential") and dismissed appellant's complaint for declaratory judgment and money damages.

Appellant sets forth the following assignments of error:

"I. The trial court erred in granting Defendant–Appellee's motion for summary judgment.

"A.  The trial court erred in declaring as a matter of law that the language of the insurance policy at issue provided a plain warning that misrepresentations would cause the policy to be void from its inception.

"B.  The trial court erred in declaring as a matter of law that material misrepresentations were made by the appellant.

"C.  The trial court erred in failing to find that appellant was issued a 'binder' which could not be terminated without notice.

"II.  The trial court erred in failing to grant Appellant's motion for summary judgment, since as a matter of law the language of the insurance policy at issue failed to provide a plain warning that misrepresentations would cause the policy to be void from its inception, and, therefore, any alleged misrepresentations by the appellant could not form a basis for declaring the policy void *ab initio*, and the policy was, therefore, in full force at the time Appellant's claim arose.

"III.  The trial court erred in finding as a matter of law that Appellee did not exercise bad faith in refusing to pay the claim and in ruling that Appellee was not liable for punitive damages."

The facts that are relevant to the issues raised on appeal are as follows.  On October 22, 1992, appellant completed an application with independent insurance agent William Kasirye for automobile insurance with Prudential.  Information which appellant provided to the agent and which is relevant to this appeal included statements that he was married, that he was currently employed, that he had not been cited for or convicted of a traffic violation in the past sixty months, that he had been involved in only one motor vehicle accident during the past thirty-six months and that he had not been involved in any losses or insurance claims within thirty-six months of his application.  At that time, appellant paid a premium of $129 and Kasirye issued him a binder effective on that date.  As part of its processing of appellant's application, Prudential subsequently requested and received an Ohio Bureau of Motor Vehicles report on appellant.  The report, received on November 2, 1992, revealed that, contrary to the information provided by appellant on his application, he had had moving violations on October 10, 1989 and July 29, 1991 and he had been involved in a motor vehicle accident on January 2, 1992.  On November 9, 1992, appellant submitted a notice of loss to Prudential in which he reported that his car had been stolen two days earlier.  After conducting a risk analysis on appellant, Prudential sent him a denial letter on December 7 which declared the policy void as of October 22, 1992 and returned the premium he had paid.

On May 2, 1995, appellant filed a complaint for declaratory judgment in which he sought a ruling from the trial court that he was entitled to coverage under the policy for which he had applied on October 22, 1992.  Appellant claimed that

Prudential had breached its contract with him and sought reimbursement under the policy for the alleged value of his car, as well as compensatory and punitive damages for an alleged breach of duty of good faith. On June 7, 1995, Prudential answered the complaint and on August 9, 1995, it filed a motion for summary judgment in which it asserted that the insurance policy was void *ab initio* and therefore appellant was not entitled to coverage for his stolen car. Prudential asserted that the statements which appellant made in his application for insurance constituted warranties and that, because the application was a part of the policy itself, misrepresentations which appellant made in the application rendered the policy void *ab initio*. On September 14, 1995, appellant moved for summary judgment and filed a response to Prudential's motion. On October 12, 1995, the trial court filed its judgment entry in which it granted Prudential's motion for summary judgment. In doing so, the trial court found that (1) appellant made incomplete and false statements on his insurance application; (2) appellant's application was part of the policy; (3) the policy contained a plain warning that misstatements would render the policy void from its inception; (4) appellant's misstatements rendered the policy void; and (5) appellant provided no evidence that Prudential's denial of his claim was motivated by actual malice, fraud, or insult and that he was therefore not entitled to punitive damages.

In reviewing a summary judgment, this court must apply the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198, 199. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).

In his first assignment of error, appellant presents three arguments in support of his claim that the trial court erred in granting Prudential's motion for summary judgment. In considering this assignment of error we must first resolve the threshold issue, raised in Part B of appellant's first assignment of error, of whether appellant made false statements in his application. Although appellant admits that he signed the application, he argues that he is not responsible for any misstatements that appeared in the application because the agent actually filled out the form, that he presented evidence to rebut Prudential's claim that he fraudulently made material misstatements, and that that evidence is sufficient to prevent summary judgment. Prudential responds that the record clearly shows that appellant answered several questions untruthfully when he met with the agent on October 22, 1992 to purchase a policy.

Upon thorough consideration of the undisputed evidence that was before the trial court, including the insurance application that appellant signed and his deposition in which he responded differently to many of the same questions he

had answered on the application, this court finds that when construing that evidence most strongly in favor of appellant, reasonable minds can only conclude that appellant made numerous false statements in the application and that the trial court did not err in reaching that conclusion.

Having found that appellant made false statements on his insurance application, we must now consider Part A of appellant's first assignment of error and determine whether those misstatements rendered the entire policy void *ab initio*. Appellant asserts that the language in the insurance policy did not contain a plain warning that any misrepresentations on the application would cause the policy to be void from its inception. Prudential responds that the statements appellant made in the application were in the nature of warranties and therefore rendered the policy void from its inception. Prudential asserts that, by advising appellant that the application is part of the policy and that the accuracy of the statements contained therein are specifically relied upon by the insurer in issuing the policy, the insurer clearly advises the policyholder that misstatements in the application can render the policy void *ab initio*.

In *Allstate Ins. Co. v. Boggs* (1971), 27 Ohio St.2d 216, 56 O.O.2d 130, 271 N.E.2d 855, the Supreme Court of Ohio considered whether a misstatement as to the age of an insured in an application for an automobile liability insurance policy rendered the policy void *ab initio*. The court determined that statements by an insured are either representations or warranties; if a statement is a warranty, a misstatement of fact voids the policy *ab initio*. *Id.* at 218, 56 O.O.2d at 131, 271 N.E.2d at 857. A warranty, as defined in *Boggs,* is "a statement, description or undertaking by the insured of a material fact either appearing on the face of the policy *or in another instrument specifically incorporated in the policy.*" (Emphasis added.) *Id.* at 219, 56 O.O.2d at 131, 271 N.E.2d at 858. "For an insurance application to be incorporated by reference in an insurance policy, the incorporating language must be unequivocal and appear on the face of the policy; the mere fact that the policy refers to the application does not make the application a part of the policy." *Id.* at paragraph three of the syllabus.

The policy in this case contains the following language:

"This policy is a contract between you and us. *When we refer to the policy, we mean* this Booklet, *your Application,* your most recent Declarations and your Endorsements." (Emphasis added.)

Upon consideration of the foregoing, this court finds preliminarily as a matter of law that the policy provisions set forth above do not merely refer to the application but unequivocally incorporate the application and the statements therein into the policy.

■ *Boggs* cautions, however, that "the mere fact that a statement of an insured is incorporated in a policy does not necessarily make such statement a warranty." *Id.* at 219, 56 O.O.2d at 131, 271 N.E.2d at 858. The court states that if the insurer intends that a misstatement by an insured will render a policy void *ab initio,* that intent "must appear clearly and unambiguously from the terms of the policy." *Id.*

The policy contains the following additional provision:

"By accepting this policy, you agree that the statements on your Application are true and correct. *This policy is issued relying on the accuracy of these statements.*" (Emphasis added.)

Upon consideration of the foregoing, this court finds that, when construing the undisputed evidence that was before the trial court most strongly in favor of appellant, reasonable minds can only conclude that (1) Prudential clearly and unambiguously warned appellant that it was "relying upon the accuracy of [the] statements" he made in his application and attested to by his signature thereon, and the language in that provision is sufficient to warn him that any misstatements in his application would render the policy void from its inception; (2) the statements appellant made in his application constituted warranties; and (3) those misstatements voided the policy *ab initio.*

As to appellant's assertion under this assignment of error that the binder which entitled him to immediate coverage prevented Prudential from canceling his policy without notice, the binder which appellant signed states:

"*I hereby declare that all of the foregoing declarations, elections and statements are complete and true* to the best of my knowledge and belief. Any Company may rely on them in the issue of any policy from this application." (Emphasis added.)

As this court has previously found, a binder incorporates "the terms, conditions and limitations of the policy(ies)" used by the insurer. *Wilson v. GRE Ins. Co.* (Sept. 16, 1994), Lucas App. No. L–93–361, unreported, 1994 WL 506154. As we found above, appellant made statements in his application which were incomplete and untruthful, and the policy herein included a warning that such misstatements would render it void *ab initio.* Appellant's misstatements therefore rendered the binder void *ab initio.*

In accordance with the foregoing, this court finds appellant's first assignment of error not well taken.

Appellant asserts in his second assignment of error, as he did in Part A of his first assignment of error, that the language in the insurance policy did not provide a plain warning that misrepresentations would render the policy void *ab*

*initio* and that the policy therefore was in full force at the time his claim arose. Based on our findings above, this assignment of error is found not well taken.

In his third assignment of error, appellant asserts that the trial court erred in finding that Prudential did not exercise bad faith and therefore was not subject to punitive damages. Appellant asserts that Prudential had no basis for refusing to cover his claim and "consciously disregarded his rights." Prudential responds that since the policy was void *ab initio* the company's decision to deny appellant's claim cannot amount to a wrongful refusal.

In *Zoppo v. Homestead Ins. Co.* (1994), 71 Ohio St.3d 552, 644 N.E.2d 397, the Supreme Court of Ohio set forth the following standard for bad faith claims brought against insurers:

"An insurer fails to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefor." *Id.*, paragraph one of the syllabus.

Based on our finding above that appellant's policy with Prudential was void from its inception, we find (1) that the insurer had reasonable justification for refusing to pay the claim filed October 22, 1992 and therefore did not act in bad faith, and (2) that the issue of punitive damages is thereby rendered moot. We therefore find that appellant's third assignment of error is not well taken.

On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.

*Judgment affirmed.*

GLASSER and SHERCK, JJ., concur.