OPINION
Defendant, Jameel Earley, appeals from his conviction and sentence for possessing crack cocaine.
Defendant was indicted for possessing crack cocaine, R.C. 2925.11(A), and carrying concealed weapons, R.C. 2923.12(A). Defendant filed a motion to suppress evidence, which the trial court overruled following a hearing. Subsequently, Defendant entered a no contest plea to the cocaine possession charge in exchange for a dismissal of the concealed weapons charge. The trial court sentenced Defendant to three years imprisonment, imposed a fine of ten thousand dollars, and suspended his driver's license for three years.
Defendant has timely appealed to this court from his conviction and sentence.
 FIRST ASSIGNMENT OF ERROR "THE EVIDENCE SHOULD HAVE BEEN ORDERED SUPPRESSED BECAUSE THE TOTALITYOF CIRCUMSTANCES SHOWED THAT THE OFFICERS LACKED A REASONABLE SUSPICIONTO THINK THAT APPELLANT MIGHT BE CARRYING A WEAPON."
 SECOND ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN FAILING TO ORDER THE COCAINE SUPPRESSEDBECAUSE THE EVIDENCE ESTABLISHED THAT THE SEARCH WAS NOT A PROPERINVENTORY SEARCH.
 The evidence presented at the suppression hearing demonstrates that onJune 21, 2001, at around 8:00 p.m., Defendant ran a stop sign at theintersection of Rosedale and Superior Avenue in Dayton. Dayton policeofficers Tiffany Ables and Eric Henderson observed this trafficviolation, and they stopped Defendant's vehicle in an alley off ofRosedale, between Grand and Lexington.
 As the officers approached Defendant's vehicle they observed Defendantmoving around inside the vehicle and leaning forward toward thefloorboard. Officer Ables noticed something in Defendant's right hand.When the officers reached Defendant's vehicle, they smelled marijuanacoming from inside. Defendant was spraying the inside of his vehicle withan aerosol deodorant.
 Having smelled marijuana, and concerned that Defendant might havehidden a weapon, Officers Ables and Henderson removed Defendant from hisvehicle and placed him in the police cruiser. Officer Henderson remainedin the cruiser with Defendant and began writing out a citation for thestop sign violation, while Officer Ables searched the area of the vehiclewhere Defendant had been sitting, looking for weapons. Officer Ablesfound a loaded handgun underneath the driver's seat. Officer Ablesreturned to the cruiser and placed Defendant under arrest for carryingconcealed weapons.
 With the driver and sole occupant of the vehicle now under arrest, andbecause the vehicle was partially obstructing traffic in the alley, theofficers decided to tow Defendant's vehicle, which is consistent with theDayton police department's tow policy under these circumstances. Prior totowing the vehicle, the officers inventoried the contents of thevehicle, looking for valuables. The glove box was locked. However,Officer Henderson found the key to the glove box in the middle console.When the officers opened the glove box they found more live ammunitionfor the gun previously discovered under the front seat, and crackcocaine.
 Defendant argues that his Fourth Amendment rights were violated whenpolice searched underneath the driver's seat of his vehicle following thetraffic stop. According to Defendant, the movements or "furtive gestures"he made that police observed, coupled with the smell of marijuanaemanating from inside the vehicle, do not give rise to a reasonablesuspicion that Defendant might be armed and a danger to these officers orthat he might gain access to a weapon if allowed to return to hisvehicle, which is required to justify a search of the vehicle forweapons. See Terry v. Ohio (1968) 392 U.S. 1; Michigan v. Long (1983),463 U.S. 1032.
 The smell of marijuana by a person who recognizes its odor issufficient to establish probable cause to search a motor vehicle pursuantto the automobile exception to the warrant requirement. State v. Moore,90 Ohio St.3d 47, 2000-Ohio-10. Both Officer Ables and Officer Hendersontestified that they are familiar with the odor of marijuana, havingencountered it many times in their experience as police officers. Thus,once the officers smelled marijuana coming from inside Defendant'svehicle, they were constitutionally entitled to search Defendant'svehicle for it.
 On this record, it matters not whether the facts and circumstances giverise to a reasonable suspicion that Defendant might be armed and a dangerto the officers, or whether he might gain access to a weapon after beingreturned to his vehicle following the traffic stop, which would justify aprotective search of the passenger compartment of the vehicle forweapons. The issue is whether Defendant's Fourth Amendment rights wereviolated when police looked underneath the driver's seat. Because policehad probable cause to conduct a warrantless search of Defendant's vehiclefor marijuana, their search of the vehicle and discovery of the hiddenweapon did not violate Defendant's Fourth Amendment rights.
 Defendant next challenges the validity of the inventory search policeconducted that led to the discovery of crack cocaine in the closed andlocked glove box.
 The Crim.R. 12(C)(3) motion to suppress evidence that Defendant filedon July 11, 2001 challenged only his stop, detention, and arrest, not thesearch of his vehicle. However, it appears that after the State'sevidence was presented in the suppression hearing, the court agreed toconsider the legality of the inventory search of Defendant's vehicle asan additional basis to suppress the evidence officers found in its glovebox. The court's subsequent order of October 12, 2001, denying the motionto suppress states that the search was not unconstitutional. Therefore,any error in the court's ruling is a matter properly before us forreview.
 Subsequent to the trial court's ruling on the motion to suppress, onApril 3, 2002, the Supreme Court held that when a police officer has madea lawful custodial arrest of the occupant of an automobile, the officermay, as a contemporaneous incident of that arrest, search the passengercompartment of that automobile. State v. Murrell, 94 Ohio St.3d 489,2002-Ohio-1483. That holding would seem to resolve the error assigned.However, because the trial court found that the warrantless search ofDefendant's automobile was justified by the inventory search exception,we will proceed to review the alleged error in that holding.
 A routine inventory search of a lawfully impounded vehicle is a validexception to the Fourth Amendment warrant requirement when that search isconducted in good faith, not as subterfuge for an evidentiary search, andin accordance with standardized police procedures. State v. Hathman,65 Ohio St.3d 403, 1992-Ohio-63; Colorado v. Bertine (1987), 479 U.S. 367,107 S.Ct. 738. The State did not introduce into evidence a copy of theDayton police department's tow policy. However, such documentary evidenceis not essential to establish the validity of the inventory search thattook place. Testimony by the police officers involved may be sufficient.State v. Semanchuk (1997), 122 Ohio App.3d 30. Even so, a policeofficer's bare conclusory assertion than an inventory search wasconducted pursuant to police department policy is not sufficient todemonstrate the validity of that search. State v. Wilcoxson (July 25,1997), Montgomery App. No. 15928. Rather, the evidence must demonstratethat the police department has a standardized, routine policy, what thatpolicy is, and how the officer's conduct conformed to it. Id.
In this case the testimony by the police officers reasonablydemonstrates that the policy of the Dayton police department authorizestowing a vehicle whenever the driver and sole occupant of that vehiclehas been arrested, and/or the vehicle will obstruct traffic if left whereit is. Prior to towing the vehicle, an inventory of the vehicle'scontents must be taken, noting any valuable items in order to protectpolice and the towing company from later claims of lost or stolenproperty.
 The decision to impound and tow the vehicle in this case was reasonableand in accordance with Dayton police department policy becauseDefendant, the driver and only occupant of the vehicle, was under arrestand on his way to jail, and the vehicle was obstructing traffic in thealley. The State is not required to prove that there is no alternative totowing the vehicle. State v. Cuccia (July 14, 2000), Montgomery App. No.18006. The purpose of these officers in inventorying Defendant's vehiclewas to make a record of any valuable items left inside the car. As foropening closed or locked containers or compartments during the inventory,Officer Henderson's testimony indicates that the policy permits notopening those items only if they cannot be opened and no key isavailable. If a key is available, the officer does not have the authoritynot to open them.
 Contrary to Defendant's assertions, an inventory search is not invalidjust because it is conducted before the vehicle is impounded. Cuccia,supra; State v. Peagler, 76 Ohio St.3d 496, 1996-Ohio-73. Indeed, thepurpose of the search is to avoid the loss of property after the vehiclehas been impounded. Moreover, the inventory search is not limited toitems in plain view. Officers may inventory the contents of closedcontainers and compartments so long as the search is administered inaccordance with reasonable police procedures. Id.; South Dakota v.Opperman (1976), 428 U.S. 364, 96 S.Ct. 3092.
 On this record the inventory search conducted by Officers Ables andHenderson was undertaken in good faith and in accordance with theirdepartment's standard policy. Thus, the inventory search was valid. Evenassuming, arguendo, that some deficiency existed in the inventoryprocedures used in this case, the search of Defendant's vehicle, includingthe glove box, nevertheless did not violate Defendant's Fourth Amendmentrights because as we previously noted, police already had probable causeto conduct a warrantless search of that vehicle for marijuana as a resultof having smelled it. Moore, supra.
 The first and second assignments of error are overruled.
 THIRD ASSIGNMENT OF ERROR "THE CONVICTION SHOULD BE REVERSED BECAUSE APPELLANT WAS CHARGED UNDERA STATUTE THAT HAS SINCE BEEN RULED UNCONSTITUTIONAL, AND PART OF THEPLEA AGREEMENT CALLED FOR THE DISMISSAL OF THAT UNCONSTITUTIONALCHARGE."
 Defendant argues that he is entitled to a reversal of his convictionbecause of the decision in Klein v. Leis, 146 Ohio App.3d 519,2002-Ohio-1634. In that case the Hamilton County Court of Appeals heldthat Ohio's carrying concealed weapons statute, R.C. 2923.12, isunconstitutional.
Defendant claims that his decision to accept the State's plea offer in this case and enter a no contest plea to the cocaine possession charge in exchange for a dismissal of the carrying concealed weapons charge was not knowingly, intelligently, and voluntarily made. This is so, Defendant asserts, because he was not aware that the carrying concealed weapons charge was constitutionally invalid, that the State could not lawfully prosecute him for that offense, and thus that the State's concession in dismissing that charge as part of the plea bargain was meaningless. Defendant argues that the plea bargain he entered into should be invalidated because he was under a misapprehension that the State could lawfully prosecute him for carrying concealed weapons.
We note that Defendant's no contest plea in this case was entered on or about December 6, 2001, some four months before the decision in Klein v.Leis was handed down on April 10, 2002. Absent misrepresentation by Stateagents, a voluntary plea of guilty, intelligently made in light of thethen applicable law, does not become invalid because later judicialdecisions indicate that the plea rested upon a faulty premise. Brady v.United States (1970), 397 U.S. 742, 756.
Moreover, because the decision in Klein v. Leis was handed down beforerecent revisions to the Supreme Court Rules for the Reporting of Opinionswent into effect on May 1, 2002, that decision is clearly not controllingauthority upon the courts in Montgomery County. See: S.Ct.R.Rep.Op.2(G). In any event, the Ohio Supreme Court has issued a stay ofthe Court of Appeals decision in Klein v. Leis on April 25, 2002. OhioSupreme Court Case No. 2002-0585. Defendant did not challenge theconstitutionality of R.C. 2923.12 in the trial court below, and thus wecannot consider a claim of unconstitutionality made for the first time onappeal. Peagler, supra.
The third assignment of error is overruled. The judgment of the trial court will be affirmed.
WOLFF, P.J., and YOUNG, J., concur.