[Cite as *Jacubenta v. Cadillac Ranch*, 2013-Ohio-586.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98750**

## ALAN JACUBENTA, ET AL.

PLAINTIFFS-APPELLEES

vs.

## CADILLAC RANCH, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CV-756964 and CV-768054

**BEFORE:** Rocco, J., Stewart, A.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** February 21, 2013

**ATTORNEYS FOR APPELLANTS**

Sam A. Zingale
700 Rockefeller Building
614 West Superior Avenue
Cleveland, Ohio   44113

Scott H. Schooler
Forbes, Fields & Associates
700 Rockefeller Building
614 West Superior Avenue
Cleveland, Ohio   44113

**ATTORNEYS FOR APPELLEES**

**For Alan Jacubenta, et al.**

Jeffrey A. Leikin
Nurenberg, Paris, Heller & McCarthy
1370 Ontario Street
Suite 100
Cleveland, Ohio   44113

**For Aspen Insurance UK Ltd.**

Chad M. Sizemore
36 East Seventh Street
Suite 2100
Cincinnati, Ohio   45202

**For CR Cleveland, L.L.C.**

Ryan Kennedy
Roetzel & Andress
222 South Main Street
Akron, Ohio   44308

KENNETH A. ROCCO, J.:

**{¶1}** Defendant-appellant CR Cleveland, L.L.C. ("CR Cleveland") appeals from the trial court's grant of summary judgment in favor of plaintiff-appellee Aspen Insurance UK Ltd. ("Aspen"). Aspen received a declaratory judgment that it owed no duty to defend or indemnify for a personal injury suit stemming from a mechanical bull injury. CR Cleveland argues on appeal that the trial court erred in granting Aspen's motion for summary judgment because there were genuine issues of material fact as to whether the insurance policy issued by Aspen covered the mechanical bull. Finding no error, we affirm the trial court's final judgment.

**{¶2}** Alan Jacubenta ("Jacubenta") alleges that on August 2, 2009, he was injured by the mechanical bull at the Cadillac Ranch in Cleveland, Ohio. CR Cleveland owned, operated, and did business as the Cadillac Ranch when Jacubenta was allegedly injured.

**{¶3}** At the time of the alleged incident, CR Cleveland had a commercial general liability insurance policy ("the Policy") in effect with Aspen. The Policy contained an endorsement ("the Endorsement") entitled "Designated Ongoing Operations," which excluded coverage for liability claims arising out of mechanical, animal, or amusement rides.

**{¶4}** On June 7, 2011, Jacubenta filed a personal injury lawsuit against CR Cleveland. On November 1, 2011, Aspen filed a complaint for declaratory judgment against CR Cleveland. On November 22, 2011, CR Cleveland moved to consolidate

Jacubenta's personal injury action with Aspen's declaratory suit. The motion was granted and the cases were consolidated.

{¶5} On April 6, 2012, Aspen moved for summary judgment on its declaratory judgment action. The trial court granted the motion, ruling that Aspen was not obligated to defend or indemnify CR Cleveland regarding the Jacubenta suit. On appeal, CR Cleveland raises one assignment of error for our review:

> I. The trial court erred in granting summary judgment to plaintiff-appellee Aspen Insurance UK Limited because there were genuine issues of material fact relating to whether the insurance policy covered the mechanical bull.

We overrule the assignment of error and affirm the trial court's final judgment.

{¶6} We review summary judgment rulings de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is appropriate when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, 821 N.E.2d 564, ¶ 6.

{¶7} CR Cleveland makes two arguments in support of its assignment of error. First, CR Cleveland argues that the Application for Insurance ("the Application"), the Binder, and the Declarations Page are all part of the Policy, and that the trial court erred by not giving those provisions proper effect.

{¶8} "An insurance policy is a contract." *Westfield v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, ¶ 9. "When confronted with an issue of contractual interpretation, the role of a court is to give effect to the intent of the parties on appeal." *Id.* at ¶ 11. Courts are to "examine the insurance contract as a whole and presume that the intent of the parties is reflected in the language used in the policy." *Id.* We begin and end this inquiry by looking at "the plain and ordinary meaning of the language used in the policy unless another meaning is clearly apparent from the contents of the policy." *Id.* "When the language of a written contract is clear, a court may look no further than the writing itself to find the intent of the parties." *Id.*

{¶9} Keeping these rules in mind, we turn to each part of CR Cleveland's argument. CR Cleveland argues that the trial court failed to give proper weight to the Application. We disagree. The trial court properly excluded the Application from consideration, because the Application was not a part of the Policy. "For an insurance application to be incorporated by reference in an insurance policy, the incorporating language must be unequivocal and appear on the face of the policy * * * ." *Allstate Ins. Co. v. Boggs*, 27 Ohio St.2d 216, 271 N.E.2d 855 (1971), paragraph three of the syllabus. Here the Policy does not contain language incorporating the Application, and as such, the Application is not a part of the Policy.

{¶10} Turning to the Binder, we agree with Aspen that the Binder did not contain terms and conditions that should have been considered separate and apart from the Policy. According to CR Cleveland, the Binder and the Declarations drafted by Aspen were less

restrictive than the terms of the Policy itself, and the trial court failed to take this fact into consideration.

{¶11} A binder is evidence of the temporary insurance contract until the actual policy is issued. *Friemoth v. Fruehauf Trailer Corp.*, 146 Ohio App.3d 519, 2001-Ohio-2172, 767 N.E.2d 281, 523-524 (3d Dist. 2001). "'A contract for temporary insurance is construed as being subject to the terms of the policy to be issued or of the policy ordinarily used by the company.'" *Id.*, quoting 44 Corpus Juris Secundum, Insurance, Section 267(a), at 496 (1993). *See also Jaber v. Prudential Ins. Co. of Am.*, 113 Ohio App.3d 507, 513, 681 N.E.2d 478 (6th Dist. 1996), internal quotation marks omitted ("[A] binder incorporates * * * the terms, conditions and limitations of the policies * * * used by the insurer.")

{¶12} In this case, the Binder listed all of the coverage and endorsements to the Policy. The cover letter accompanying the Binder informed CR Cleveland that "[t]he terms of this binder and the policy and its endorsements supersede any specific requests that you may have provided * * * ." The Designated Ongoing Operations Exclusion for the mechanical bull ride was part of the Binder. CR Cleveland was also informed that it had the opportunity to make changes and provide a counter-offer, which CR Cleveland apparently did not do because the Policy issued with the Designated Ongoing Operations Exclusion for the mechanical bull ride. CR Cleveland's argument is without merit.

{¶13} Next we turn to the Declarations, which put CR Cleveland on notice to read the Policy. The Declarations are part of the insurance contract. In all capital letters and

bold typeface, the Policy states at the bottom of the second page of the Common Policy Declarations, "**THESE DECLARATIONS, TOGETHER WITH THE COMMON POLICY CONDITIONS AND COVERAGE FORM(S) AND ANY ENDORSEMENT(S), COMPLETE THE ABOVE NUMBERED POLICY.**" As such, the Declarations' terms, conditions, and endorsements are considered together as the entire insurance contract. Under the Endorsement pertaining to the Designated Ongoing Operations Exclusion, it states that the Policy does not provide coverage for "MECHANICAL, ANIMAL, OR AMUSEMENT RIDES OPERATED BY OR ON BEHALF OF ANY INSURED."

{¶14} CR Cleveland argues that the above-language does not constitute adequate notice, because the Declarations page itself should have explicitly referred to the mechanical bull. We disagree. The Declarations page contains an "Ongoing Operations Exclusion," and the applicable Endorsement makes clear that the mechanical bull is excluded from coverage. The Policy stated in bold, capitalized language that the Declarations and Endorsements were part of the Policy.

{¶15} An insurance policyholder has a duty to read its insurance policy. *Fry v. Walters & Peck Agency, Inc.*, 141 Ohio App.3d 303, 310, 750 N.E.2d 1194 (6th Dist. 2001). CR Cleveland's representative testified that he did not receive a copy of the policy until sometime in December 2008 (two months after the Policy's effective date) and that he did not become aware that there was no coverage for the mechanical bull until after the personal injury suit was filed. But Jacubenta alleged that he was injured by the

mechanical bull in August 2009. That means that CR Cleveland had from December 2008 until August 2009 to read the Policy.

{¶16} CR Cleveland had the Binder and the Declarations that identified the Designated Ongoing Operation Exclusion. During this time, CR Cleveland failed to review the Policy to confirm whether it covered the mechanical bull. A prudent policyholder that owns a country—western bar with a mechanical bull ride would have read the Policy and the terms and conditions of the disclosed exclusion. We conclude that the trial court gave proper weight to the Application for Insurance, the Binder, and the Declarations Page. Accordingly, we reject CR Cleveland's arguments to the contrary.

{¶17} Next, CR Cleveland argues that the trial court erred in granting Aspen's motion for summary judgment because the Policy was ambiguous. We decline to address this argument because CR Cleveland is raising it for the first time on appeal. "[F]ailure to timely advise a trial court of possible error, by objection or otherwise, results in a waiver of the issue for purposes of appeal." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121, 679 N.E.2d 1099 (1997).

{¶18} In its brief in opposition to Aspen's motion for summary judgment, CR Cleveland did not argue that the Policy was ambiguous, nor that the rules of contract construction required the court to find that the Policy was ambiguous. Rather, CR Cleveland opposed Aspen's motion for summary judgment claiming it was not properly supported under Civ.R. 56(E). CR Cleveland argued in the trial court that Aspen's

affiant, Michael Uzenski, did not have personal knowledge regarding CR Cleveland's insurance needs or regarding communications leading up to the Policy's issuance. CR Cleveland did not pursue any argument regarding whether the Policy was ambiguous in the trial court, and so it has waived this argument on appeal.

{¶19} The trial court's order is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE

MELODY J. STEWART, A.J., and
EILEEN A. GALLAGHER, J., CONCUR