[Cite as *Hollenbaugh v. Hollenbaugh*, 2014-Ohio-1124.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| KARYN HOLLENBAUGH | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 13CAF070056 |
| | : | |
| DANIEL HOLLENBAUGH | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Delaware County Court
                                of Common Pleas, Domestic Relations
                                Division, Case No. 11 DRB 09 532



JUDGMENT:                       AFFIRMED



DATE OF JUDGMENT ENTRY:         March 11, 2014



APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:

ANTHONY M. HEALD                        DANIEL S. HOLLENBAUGH, PRO SE
125 North Sandusky St.                  223 Forest Street
Delaware, OH 43015                      Marion, OH 43302

*Delaney, J.*

{¶1} Defendant-Appellant Daniel Hollenbaugh appeals the June 13, 2013 judgment entry of the Delaware County Court of Common Pleas, Domestic Relations Division.

## FACTS AND PROCEDURAL HISTORY

{¶2} Plaintiff-Appellee Karyn Hollenbaugh filed a complaint for divorce on September 23, 2011. Defendant-Appellant Daniel Hollenbaugh filed an answer and counterclaim.

{¶3} The magistrate issued a temporary restraining order against Husband on September 27, 2011 to prevent the movement or dissipation of assets. The magistrate issued temporary orders on November 18, 2011. In the temporary orders and relevant to Husband's appeal, the magistrate ordered Wife to pay the debt on the Chase credit card #0801 and hold Husband harmless thereon. The Chase credit card #0801 is in Husband's name.

{¶4} The matter came on for trial on January 10, 2013. Husband and Wife testified at trial. Husband did not introduce any exhibits. The following facts were adduced at trial.

{¶5} Wife and Husband were married on September 5, 1980. The parties have three children as issue of the marriage, but the children are emancipated. On or about March 3, 2011, the parties separated. At the time of filing the complaint, the marriage was 31.07 years long. At the time of trial, the parties had been married for 32.37 years.

{¶6} Wife's date of birth is November 10, 1960. At the time of trial, Wife was 52 years old and in relatively good health. Wife was employed as the agent-owner of the

Hollenbaugh Insurance Agency. Wife's Affidavit of Income and Expenses listed Wife's income at $250,000. The parties' tax returns for 2009 and 2010 showed Wife's net income was $55,771 and $61,887. Wife owns a piece of residential/business real estate located in Delaware, Ohio. The property contains her business office and residence.

{¶7} Husband's date of birth is March 28, 1959. At the time of trial, Husband was 53 years old. Husband did not testify as to his health. Husband was employed by Honda of America Manufacturing as a production worker since 1982. Husband's income in 2009 and 2010 was $116,036 and $78,619.

{¶8} In 2005, Wife discovered Husband had a romantic relationship with his co-worker. Wife also discovered Husband was frequenting dating websites and connecting with the individuals he met online. As Wife coped with the discovery of Husband's relationships, her business income was reduced. She accumulated large credit card debt.

{¶9} The parties sold the marital residence in Richwood, Ohio after the discovery of the affair. Wife resides in the second-floor apartment of her building. Husband lives in an apartment.

{¶10} After the imposition of the temporary restraining order by the trial court, Husband moved or disposed of marital assets. Husband and Wife owned property in West Virginia. Husband refinanced the West Virginia property and kept the proceeds from the refinancing. Husband withdrew $35,000 from his 401(K). Husband withdrew $55,035 from his Honda account and the money was wired to the Bank of China. Husband testified that he believed by depositing the money with the Bank of China, he

would in turn receive a trunk containing $2.8 million. Husband sold 200 shares of Honda stock.

{¶11} Based on the evidence presented at trial, the magistrate issued his decision on January 15, 2013.

{¶12} The magistrate equitably divided the marital assets and debt. Wife was responsible for credit card debt in her name totaling approximately $81,000. The magistrate made Husband responsible for the Chase credit card #0801 in his name. Wife was awarded one-half of Husband's 401(K). Wife's portion of assets and debt equaled $113,655.46. Husband's portion of assets and debt equaled $311,721.79. The magistrate awarded Wife a distributive award of $99,033.17 to equalize the distribution of assets and debt.

{¶13} The magistrate considered the factors of R.C. 3105.18 in determining whether to award Wife spousal support. The magistrate recommended Husband pay Wife spousal support in the amount of $2,000 per month commencing on March 1, 2013. The magistrate ordered that Husband's spousal support obligation could be reduced depending on Husband's verified income. If Husband's income was over $110,001, Husband would owe $2,000 per month in spousal support. If Husband's income was from $100,001 to $110,000, Husband would owe $1,500 per month in spousal support. If Husband's income was from $90,001 to $100,000, Husband would owe $1,083 in spousal support. If Husband's income was up to $90,000, Husband would owe $750 in spousal support. The trial court retained jurisdiction to modify the spousal support award.

{¶14} Husband and Wife filed objections to the magistrate's decision.

{¶15} On June 13, 2013, the trial court overruled the objections. It approved and adopted the magistrate's decision.

{¶16} It is from this decision Husband now appeals.

**ASSIGNMENTS OF ERROR**

{¶17} Husband raises four Assignments of Error:

{¶18} "I. THE TRIAL COURT ERRED WHEN IT FAILED TO USE THE CORRECT DATA AND FOLLOW THE GUIDELINES SET FORTH [BY] THE ORC. 3105.18.

{¶19} "II. TRIAL COURT ERRED WHEN RULING TO GRANT CHASE ACCOUNT #0801 TO APPELLANT OVERTURNING MAGISTRATE'S ORDERS DATED NOVEMBER 18, 2011 ORC 2913.21.

{¶20} "III. TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION TO THE DETRIMENT OF THE APPELLANT WHEN IT FAILED TO USE CORRECT DATA IN SPLITTING THE APPELLANTS 401(K) AND SUBTRACTING 99,000 FROM APPELLANTS SHARE FOR APPELLEE.

{¶21} "IV. TRIAL COURT ERRED WHEN [IT] FAILED TO NOT RULE ON A MOTION FOR CONTEMPT OF RESTRAINING ORDER FILED FEBRUARY 28, 2013; AN EXPARTE MOTION FOR AN ORDER SHORTENING TIME FILED APRIL 17, 2013 PROCEEDING TO ISSUE A JUDGMENT ON THE CASE JUNE 13, 2013."

## ANALYSIS

## I. Spousal Support

{¶22} Husband argues in his first Assignment of Error the trial court abused its discretion in granting spousal support to Wife because it used incorrect information and improperly applied the R.C. 3105.18(C) factors. We disagree.

{¶23} A trial court's decision concerning spousal support may be altered only if it constitutes an abuse of discretion. *Kunkle v. Kunkle,* 51 Ohio St.3d 64, 67, 554 N.E.2d 83 (1990). An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St .3d 217, 450 N.E.2d 1140 (1983). R.C. 3105.18(C)(1)(a) through (n) sets forth the factors a trial court is to consider in determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, terms of payment, and duration of spousal support:

(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:

(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

(b) The relative earning abilities of the parties;

(c) The ages and the physical, mental, and emotional conditions of the parties;

(d) The retirement benefits of the parties;

(e) The duration of the marriage;

(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

{¶24} Trial courts must consider all the factors listed in R.C. 3105.18(C). This court has previously held that a trial court need not acknowledge all evidence relative to each and every factor listed in R.C. 3105.18(C), and we may not assume that the evidence was not considered. *Hutta v. Hutta,* 177 Ohio App.3d 414, 2008–Ohio–3756, 894 N.E.2d 1282, ¶ 27 (5th Dist.), citing *Clendening v. Clendening,* 5th Dist. Stark No.2005CA00086, 2005–Ohio–6298, ¶ 16, citing *Barron v. Barron,* 5th Dist. Stark No.2002CA00239, 2003–Ohio–649. The trial court need set forth only sufficient detail to enable a reviewing court to determine the appropriateness of the award. *Id.,* citing *Kaechele v. Kaechele,* 35 Ohio St.3d 93, 518 N.E.2d 1197 (1988).

{¶25} The magistrate's decision in the present case conducted a review the R.C. 3105.18(C) factors. This was a marriage of long duration, 32 years. Under the totality of the circumstances, we find no abuse of discretion in the trial court's decision regarding spousal support and our review of the record reveals the presence of credible evidence supporting both the magistrate and the trial court's determinations. Husband's first Assignment of Error is overruled.

## II. and III. Marital Debt

{¶26} We consider Husband's second and third Assignments of Error together because they involve the same standard of review.

{¶27} Husband argues in his second Assignment of Error that the trial court erred in ordering Husband responsible for the Chase credit card #0801. The Chase credit card #0801 is in the Husband's name. In the magistrate's November 18, 2011

decision, the magistrate ordered that Wife was responsible for the debt. The June 13, 2013 judgment entry ordered that Husband was responsible for the debt in his name and Wife was responsible for the debt in her name.

{¶28} Husband contends in his third Assignment of Error the trial court abused its discretion when awarded Wife one-half of Husband's 401(K) and gave her $99,000 as a distributive award.

{¶29} R.C. 3105.171(B) requires the trial court to determine what constitutes marital property and what constitutes separate property. "In either case, upon making such a determination, the court shall divide the marital and separate property equitably between the spouses * * *." R.C. 3105.171(B). The Revised Code further requires that a trial court divide the marital property equally unless an equal division would be inequitable, in which case "the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable." R.C. 3105.171(C)(1). The court may make a distributive award to facilitate, effectuate, or supplement a division of marital property. R.C. 3105.171(E)(1).

{¶30} "Although Ohio's divorce statutes do not generally articulate debt as an element of marital and separate property, the rules concerning marital assets are usually applied to marital and separate debt as well." *Phillips v. Phillips,* 5th Dist. Morrow No. 12CA0020, 2013–Ohio–3538, ¶ 27, citing *Vonderhaar–Ketron v. Ketron,* 5th Dist. Fairfield No. 10CA22, 2010–Ohio–6593.

{¶31} Trial courts have "broad discretion to determine what property division is equitable in a divorce proceeding." *Cherry v. Cherry,* 66 Ohio St.2d 348, 421, 421 N.E.2d 1293 (1981), paragraph two of the syllabus. A trial court's decision allocating

marital property and debt will not be reversed absent an abuse of discretion. "Abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶32} At trial, Husband (who appeared pro se) did not present any evidence. In his appellate brief, he disputes the trial court's valuation of the marital property. Where a party fails to present evidence relative to property division, the party has essentially forfeited its argument as to division. *Kautz v. Kautz,* 5th Dist. Stark No.2011 CA00034, 2011–Ohio–6547, ¶ 16, quoting *Roberts v. Roberts,* 10th Dist. Franklin No. 08AP–27, 2008–Ohio–6121, ¶ 22, ("[I]f a party fails to present sufficient evidence of valuation, that party has presumptively waived the right to appeal the distribution of those assets because the trial court can only make decisions based on the evidence presented[.]"), and *Phillips* at ¶ 27 ("rules concerning marital assets are usually applied to marital and separate debt as well"). We held in *Shetler v. Shetler*, 5th Dist. Stark No. 2012 CA 00126, 2013-Ohio-586, that the failure of the appellant to present evidence as to credit card debts and personal notes to determine the allocation of marital debt "is akin to invited error," and the appellant forfeited his argument pertaining to division of those debts. *Id.* at ¶ 14 citing *Kautz* at ¶ 16, citing *Roberts* at ¶ 21.

{¶33} We have reviewed the evidence presented in this case. The magistrate made an equitable division of the parties' marital assets and debts. The trial court did not abuse its discretion in approving and adopting the same in its final judgment entry.

{¶34} Husband's second and third Assignments of Error are overruled.

### IV. Trial Court's Failure to Rule on Pending Motions

{¶35} In his final Assignment of Error, Husband argues the trial court erred when it failed to rule on two pending motions before issuing its final judgment on June 13, 2013. Husband filed a motion for contempt of restraining order against Wife on February 28, 2013. Husband alleged Wife stole a calendar from Husband's truck when the truck was parked at their child's home. Husband also filed an Ex Parte Motion for an Order Shortening Time on April 17, 2013. Husband filed both motions after the January 10, 2013 trial on the complaint for divorce. The trial court did not rule on the motions. Husband argues the final judgment should be set aside to allow the trial court to rule on the pending motions.

{¶36} A trial court's failure to rule on a motion is normally deemed to be a denial of that motion for purposes of appellate review. *Capital One Bank (USA), N.A. v. Rodgers*, 5th Dist. Muskingum No. CT2009-0049, 2010-Ohio-4421, ¶ 13.

{¶37} Upon our review of the motions, we find no abuse of discretion for the trial court's denial of the motions.

{¶38} Husband's fourth Assignment of Error is overruled.

**CONCLUSION**

{¶39} The four Assignments of Error of Defendant-Appellant Daniel Hollenbaugh are overruled.

{¶40} The judgment of the Delaware County Court of Common Pleas, Domestic Relations Division is affirmed.

By:  Delaney, J.,

Gwin, P.J. and

Farmer, J., concur.