DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Lawrence B. Levey, appeals from the decision of the Summit County Court of Common Pleas which found him liable for abuse of process and awarded $2,000,000.00 in damages to Appellee, Michael G. Oravecz.[1] We reverse.
 {¶ 2} On March 16, 2001, Levey Company ("LC") filed a suit against Appellee alleging misappropriation of trade secrets, breach of a separation agreement, breach of fiduciary duty, and tortious interference with a business relationship. Appellee answered LC's complaint and also filed a third-party complaint against Appellant alleging breach of contract and abuse of process. Appellee requested both compensatory and punitive damages for his claims.
 {¶ 3} A trial proceeded in August 2002. The court denied LC and Appellant's two motions for a directed verdict, once at the end of Appellee's opening statement and the second at the close of all evidence. The jury found against LC on all claims and for Appellee on his breach of contract and abuse of process claims against Appellant. The jury awarded Appellee $250,000.00 on his contract claim against LC, and $2,000,000.00 on his abuse of process claim against Appellant including $1,500,000.00 in punitive damages.
 {¶ 4} Appellant filed a post-trial motion for judgment notwithstanding the verdict (JNOV) regarding Appellee's abuse of process claim. Appellee filed a motion for pre-judgment interest and attorney's fees. The trial court denied Appellant's JNOV motion, and granted Appellee $94,353.52 in attorney's fees and $47,086.74 in pre-judgment interest. Appellant timely appealed asserting two assignments of error. For ease of discussion we will address both assignments of error together.
 ASSIGNMENT OF ERROR I
"There was no evidence presented to support the jury's verdict for [Appellee] on his abuse of process claim."
 ASSIGNMENT OF ERROR II
"The trial court erred in denying [Appellant's] Rule 50(B) motion for judgment notwithstanding the verdict on the abuse of process claim and the compensatory and punitive damage awards for that claim."
 {¶ 5} In his assignments of error, Appellant argues that Appellee failed to present evidence to support his abuse of process claim such that either his motion for directed verdict or JNOV motion should have been granted by the trial court. Specifically, Appellant alleges that Appellee offered evidence tending to show that the original suit by LC was actually filed for an improper purpose which would defeat his abuse of process claim. Appellant also contends that the $500,000 in compensatory damages and $1,500,000.00 in punitive damages were excessive and not supported by the evidence. We find that Appellant's argument has merit.
 {¶ 6} An appellate court applies the same standard of review when evaluating the denial of either a motion for directed verdict or a motion for JNOV. Rondy, Inc. v. Goodyear Tire Rubber Co., 9th Dist. No. 21608, 2004-Ohio-835, at ¶ 5, citing Posin v. A.B.C. Motor Court Hotel,Inc. (1976), 45 Ohio St.2d 271, 275. Both motions assess the sufficiency of the evidence on a claim without weighing the evidence or credibility of witnesses, and thus both involve a question of law which must be reviewed de novo. Rondy at ¶ 5, citing Schafer v. RMS Realty (2000),138 Ohio App.3d 244, 257; Strother v. Hutchinson (1981), 67 Ohio St.2d 282,284; Ruta v. Breckenridge-Remy Co. (1982), 69 Ohio St.2d 66, 68.
 {¶ 7} According to Civ.R. 50(A)(4), a trial court must grant a motion for directed verdict only when:
"after construing the evidence most strongly in favor of the party against whom the motion is directed, [the court] finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party[.]"
Where the party opposing the motion for directed verdict fails to present evidence on one or more of the essential elements of a claim, a directed verdict is proper. Rondy at ¶ 6, citing Hargrove v. Tanner
(1990), 66 Ohio App.3d 693, 695. However, where substantial evidence is presented such that reasonable minds could come to differing conclusions, the court must deny the motion. Rondy at ¶ 6, citing Posin,45 Ohio St.2d at 275.
 {¶ 8} In order to establish abuse of process, a party must show that (1) a legal proceeding was properly initiated with probable cause, (2) the proceeding was perverted to accomplish an ulterior motive for which it was not designed, and (3) direct damage ensued from the wrongful use of process. Yaklevich v. Kemp, Schaeffer Rowe Co., L.P.A.,68 Ohio St.3d 294, 298, 1994-Ohio-503. The abuse of process claim differs from a malicious prosecution claim in that:
"The tort of abuse of process arises when one maliciously misuses legal process to accomplish some purpose not warranted by law. The key to the tort is the purpose for which process is used once it is issued. Abuse of process does not lie for the wrongful bringing of an action, but for the improper use, or `abuse,' of process. * * * Thus, if one uses process properly, but with a malicious motive, there is no abuse of process, though a claim for malicious prosecution may lie[.] * * * The tortious character of the defendant's conduct consists of his attempts to employ a legitimate process for a legitimate purpose in an improper manner[.]" (Emphasis omitted. Citations omitted.) Miller-Wagenknecht v. MunroeFalls, 9th Dist. No. 20342, at 8-9, 2001-Ohio-1877, quoting ClermontEnvironmental Reclamation Co. v. Hancock (1984), 16 Ohio App.3d 9, 11.
In other words, in order to support a claim for abuse of process, a party must show that a claim was originally filed properly, with probable cause, and for a proper purpose. See Miller-Wagenknecht, supra, at 9;Cochran v. Norton (Aug. 1, 2001), 9th Dist. No. 20418, at 14-15; Vitranov. CWP Ltd. Pshp. (Dec. 22, 1999), 9th Dist. No. 19516, at 7; Kremer v.Cox (1996), 114 Ohio App.3d 41, 51-52.
 {¶ 9} The transcript in this case reveals that Appellee presented the following evidence regarding the first element of his abuse of process claim:
"[Appellant] sued me so that he could keep me under his thumb for another year, renegotiate or play around with my distributions, hire attorneys and spend money on legal fees and subpoena people I do business with and just disrupt my life. * * *
"Q. You mentioned filing the complaint, but after the complaint had been filed, you believed that the process had been abused by [Appellant]?
"A. Absolutely. * * * It was to hurt me. * * * It was a way to renegotiate and hurt me financially."
Also, when responding to Appellant's motion for directed verdict at the close of the evidence, Appellee's attorney stated that:
"[T]here has been plenty of evidence that indicated that [Appellee], he believed that the complaint and the lawsuit was for an improper purpose and that it was maintained and perverted for an improper purpose. That is to gain an upper hand in negotiations."
 {¶ 10} It is clear that Appellee misunderstood the nature of the abuse of process claim. Counsel for Appellee did comment to the judge after opening arguments that Appellee was alleging that LC filed the complaint with probable cause. However, at no point in time did he offer any evidence that LC and Appellant instituted the original claims against him for a proper purpose or with probable cause. Rather, all of Appellee's testimony indicated exactly the opposite: that Appellant instituted the suit for the sole improper purpose of renegotiating and altering existing contracts. While such acts may amount to malicious prosecution, they do not amount to abuse of process. The trial court should have granted Appellant's motion for directed verdict given the complete lack of evidence relating to the first prong of the abuse of process claim.
 {¶ 11} The trial court also, apparently, misunderstood the nature of an abuse of process claim. Although the court correctly instructed the jury on the three elements of the abuse of process claim, it also indicated that:
"[Appellee] must prove to you by a preponderance of the evidence that [Appellant] caused [LC] to institute and maintain this lawsuit solely in an attempt to gain an advantage in the negotiations of the March 23, 2000 purchase and sale agreement, and to annoy, harass and subject [Appellee] to embarrassment and legal expense or to otherwise improperly punish [Appellee] for terminating their relationship."
This is simply incorrect. As opposed to showing that LC filed the suit for a sole, improper purpose, Appellee needed to show that LC filed the suit in proper form, with a proper motive. Appellee simply did not offer any evidence of this first element.
 {¶ 12} Appellee argues that Appellant has waived any error relating to the abuse of process claim because Appellant failed to object to the conflicting jury instructions. However, it would have been appropriate for the trial court to grant a directed verdict when requested by Appellant at the close of Appellee's evidence, prior to the time the court provided the conflicting jury instructions. Therefore, we need not address that issue.
 {¶ 13} Regardless of evidence tending to show that Appellant used the suit to further an improper purpose, Appellee offered no evidence tending to indicate that LC filed the suit for anything other than that improper purpose. Accordingly, the verdict on abuse of process must be overturned and we sustain Appellant's assignments of error.
 {¶ 14} We sustain Appellant's assignments of error, reverse the verdict in the Medina County Court of Common Pleas on the abuse of process claim, and vacate the accompanying judgment.
Judgment reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellees.
Exceptions.
Carr, P.J., Whitmore, J., concur.
[1] The trial court also awarded Appellee $250,000.00 on a breach of contract claim against Levey Company. Levey Company has not appealed that decision, and so only Levey is a party to this appeal regardless of the fact that his brief is entitled "Brief of Appellants Levey Company and Lawrence B. Levey."