[Cite as *Tonjes v. Chiaverini*, 2009-Ohio-3314.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HENRY COUNTY

JAMES TONJES,

   PLAINTIFF-APPELLEE,              CASE NO. 7-09-02

  v.

JASCHA CHIAVERINI, et al.,

   DEFENDANTS and THIRD
   PARTY PLAINTIFFS-APPELLANTS,

  v.

JERRY L. TONJES,              O P I N I O N

   THIRD PARTY DEFENDANT-APPELLEE.

**Appeal from Napoleon Municipal Court**
**Trial Court No. 07 CVG 00467 A&B**

**Judgment Affirmed**

**Date of Decision:  July 6, 2009**

APPEARANCES:

   *George C. Rogers* for Appellant

   *William F. Hayes* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Jascha Chiaverini ("Chiaverini") brings this appeal from the judgment of the Municipal Court of Napoleon granting judgment in favor of plaintiff-appellee James L. Tonjes ("Tonjes") and third party-defendant-appellee Jerry L. Tonjes ("Jerry"). For the reasons set forth below, the judgment is affirmed.

{¶2} Tonjes is the owner of property located at 733 N. Perry St. in Napoleon. Jerry is the property manager of the real estate. Around December 2005, Chiaverini became a tenant of the property and operated a jewelry store out of the building. At no time was a written lease entered into by the parties. The parties agreed to a month to month rental rate of $625.00 per month along with one month's rent deposit.

{¶3} In June of 2006, Jerry and his girl friend, Jennifer Lee ("Lee") obtained a diamond ring from Chiaverini. Chiaverini testified that the price of the ring was to be determined by an appraisal. The appraisal later set the value at $3,286.00. In March of 2007, Jerry returned the ring to Chiaverini. Chiaverini alleged that $2,500.00 of the purchase price was to be credited to the rent payments.

{¶4} On March 30, 2007, Tonjes' attorney sent Chiaverini a letter indicating that he was $2,500.00 behind in his rent. Before May 30, 2007,

Chiaverini received a letter from Tonjes terminating the lease and requesting that Chiaverini vacate the premises by June 30, 2007. The letter was silent as to the reason for the termination. Chiaverini did not vacate the premises. On July 10, 2007, Tonjes filed a complaint seeking the return of the premises. Chiaverini filed his answer, counterclaim, and third party complaint against Jerry on July 20, 2007. A hearing was held on the complaint on July 25 and 31, 2007. Chiaverini admitted at the hearing that he had not paid any rent for the premises for the months of April, May, June, July, and August of 2007. The trial court granted the relief and gave Chiaverini until August 14, 2007, to vacate the premises. On August 7, 2007, the trial court extended this deadline until August 31, 2007, if Chiaverini deposited $625 with the court. Chiaverini deposited the money and vacated the premises prior to the deadline.

{¶5} On August 21, 2007, Tonjes and Jerry requested a continuance in the counterclaim and third party claim. A second continuance was sought on September 21, 2007. Both of these continuances were granted by the trial court. Tonjes and Jerry filed their answer on October 24, 2007. On September 5, 2008, Chiaverini filed an amended counterclaim and third party complaint. Tonjes and Jerry filed their answer to the amended counterclaim and third party complaint on September 22, 2008. The trial on the amended counterclaim and third party complaint was held on January 13, 2009. On January 22, 2009, the trial court

entered its judgment in favor of Tonjes and Jerry. Chiaverini appeals from this judgment and raises the following assignments of error.

**First Assignment of Error**

**The trial court erred in its judgment entry of January 22, 2009 in finding [Chiaverini] liable in damages to [Tonjes].**

**Second Assignment of Error**

**The trial court erred in its judgment entry of January 22, 2009, in dismissing the claims of [Chiaverini] against [Tonjes] and [Jerry] for abuse of process.**

{¶6} In the first assignment of error, Chiaverini claims that the trial court erred in finding him liable for failing to pay rent. When a valid written lease does not exist, a tenancy at will is created. *Craft v. Edwards*, 11th Dist. No. 2007-A-0095, 2008-Ohio-4971, ¶35. "Upon payment and acceptance of rent, [the] tenancy at will then converts to a periodic tenancy." *Manifold v. Schuster* (1990), 67 Ohio App.3d 251, 255, 586 N.E.2d 1142. "Possession taken and rents paid under a defectively executed lease creates a tenancy from year to year, or month to month, dependent upon the terms as to payment of rentals * * *." *Lithograph Bldg. Co. v. Watt* (1917), 96 Ohio St. 74, 117 N.E. 25.

{¶7} Here, Chiaverini put forth a document purported to be the lease. However, the agreement was not signed by Tonjes or Jerry. Chiaverini admits that the "landlord" never executed the document. Thus, there is not a valid lease in this case. Chiaverini took possession of the property in December 2005. All

parties agree that the terms of the rental were $625 per month in rent paid monthly. Thus, once the first month's rent was paid and accepted, a month to month periodic tenancy was created. No evidence was presented that Chiaverini actually paid rent for April, May, June, July, or August in 2007. Given this evidence, the trial court reasonably could conclude that Chiaverini owed Tonjes the rent for these months. The first assignment of error is overruled.

{¶8} Next Chiaverini argues that the trial court erred in dismissing his counterclaim and third party complaint for abuse of process.

> **The tort of abuse of process arises when one maliciously misuses legal process to accomplish some purpose not warranted by law. The key to the tort is the purpose for which process is used once it is issued. Abuse of process does not lie for the wrongful bringing of an action, but for the improper use or "abuse" of process. \* \* \* Thus if one uses process properly, but with a malicious motive, there is no abuse of process, though a claim for malicious prosecution may lie[.] \* \* \* The tortious character of the defendant's conduct consists of his attempts to employ a legitimate process for a legitimate purpose in an improper manner.**

*Levey & Co. v. Oravecz*, 9th Dist. No. 21768, 2004-Ohio-3418, ¶8. However, there is no liability for an abuse of process if the defendant merely carries out the process to its permitted conclusion. *Yaklevick v. Kemp, Schaeffer & Rowe, Co.* (1994), 68 Ohio St.3d 294, 626 N.E.2d 115. "Simply, abuse of process occurs where someone attempts to achieve through use of the court that which the court is itself powerless to order." *Robb v. Chagrin Lagoons Yacht Club, Inc.* (1996), 75 Ohio St.3d 264, 271, 662 N.E.2d 9.

{¶9} Here, Chiaverini argues that the real purpose for the lawsuit was to force him to take back the ring sold to Jerry. However, the trial court found as follows.

> **[Chiaverini] admitted on cross-examination by Attorney Hayes that he had not paid any rent for the months of April, May, and June of 2007 before any action was filed in July of 2007. Likewise he acknowledged a timely receipt of a letter advising termination of his month to month tenancy effective June 30, 2007. When the current lawsuit was filed in July of 2007 for the return of possession of [the property] there is nothing to suggest it was anything more than a normal forcible entry and detention action. [Tonjes] was not attempting to gain anything by filing the litigation than the return of possession of the premises * * *. There is no showing that [Tonjes] was acting on some ulterior motive as required in the *Yaklevich* case. * * ***
>
> **It is suggested that the wrongful purpose was the attempt to nullify the obligation of [Jerry] to pay for the ring and that this conduct was ratified by [Tonjes] authorizing the retention of legal counsel to effect an eviction proceeding. There is absolutely nothing in the record to suggest that [Tonjes] ever authorized his brother to accept a ring in lieu of rent or even knew of the transaction. Accepting the ring in lieu of rent without his brother's express authority would be well outside the scope of any agency or employment. [Jerry] would have been carrying out his own purpose and not that of his employer-brother if the assertion is true that he traded the rent for the ring. The Court would not find that the retention of legal counsel which was initiated by [Jerry] on behalf of [Tonjes] ratified any improper purpose that may have been sought by [Jerry]. The counterclaimant is asking this Court to impute intentional conduct, abuse of process, to a third party without any knowledge on the part of respondent. * * * The Court would find that any attempt by [Jerry] to negotiate his way out of owing [Chiaverini] for the ring that was acquired for Jerry's girlfriend was outside the scope of his authority or employment. Defendant's counterclaim is found to be not well taken.**

The next matter is to consider the third party complaint that [Chiaverini] has asserted against [Jerry]. It is clear that [Jerry] was his brother's authorized agent for purpose of collecting rents. It is further without question that in June of 2006 that [Jerry] acquired a ring for [his] girlfriend * * * from [Chiaverini]. Simply put there was no payment for the ring when acquired by [Jerry] and that the ring was eventually returned to [Chiaverini's] store on or about March 2007. Was the ring returned by [Jerry] because it was defective or whether he knew he could not use it as payment for rent on his brother's commercial property leased to [Chiaverini]?

It is the contention of [Chiaverini] that when he made the payment of rent with a check dated February 20, 2007 that he was current with his rent through March 2007. [Chiaverini's] position as to the status of his rent as of March 2007 is consistent with the evidence put forth at the damages hearing that a delinquency did not occur until April of 2007, after [Chiaverini] had reacquired physical possession of the ring. The Court is at a loss to understand for what months the ring was to be used as payment. The record is void of any testimony on behalf of the third-party plaintiff as to when the ring was to be credited towards rent.

The transaction where the ring was originally acquired by [Jerry] and his girlfriend * * * took place in June of 2006, some 9 months previous. [Chiaverini] and [Jerry] also had dealings with each other on matters involving the rental of jet skis, tents and tables without any written documentation. This further clouds the record and makes it even more difficult to determine when and for what credit was to be given on behalf of [Chiaverini]. It would certainly make more sense that credit for the purchase of the ring would be on personal property belonging to [Jerry] which was rented to [Chiaverini] and not on a store rent owed to [Tonjes].

[Jerry] was involved in the filing of the current lawsuit to evict [Chiaverini] as he was his brother's property agent and testified at the hearing on the first cause of action. There is also little doubt that [Jerry] exhibited ill will and bad intentions towards [Chiaverini] through out this process. What is not clear is what

> **advantage [Jerry] was attempting to achieve that a court would be powerless to order. If it was the nullification of the sale of the ring, that is within this court's jurisdiction. The Ohio Supreme Courts['] decision in *Robb* clarified that the use of legal process with some ulterior motive is not sufficient proof. There needs to be a showing that it was done to gain some advantage that could not be obtained through the Courts. This was not established by the third-party plaintiff's case.**

January 22, 2009, Journal Entry, 5-9. A review of the record indicates that the trial court's findings are supported by competent, credible evidence. No evidence was presented that Tonjes or Jerry filed the initial claim for any reason other than to recover possession of the real estate and to recover the missing rental payments. Thus, the trial court did not abuse its discretion in dismissing the counterclaim and third party claim of Chiaverini for abuse of process. The second assignment of error is overruled.

{¶10} The judgment of the Napoleon Municipal Court is affirmed.

*Judgment Affirmed*

**PRESTON, P.J., and ROGERS, J., concur.**

**/jnc**