OPINION
{¶ 1} This is an appeal from the November 26, 2007 judgment entered by the Ashtabula County Court of Common Pleas. For the reasons set forth below, the judgment of the trial court is affirmed.
 {¶ 2} This case emanates from a forcible entry and detainer action filed by appellees, Joel and Tammy L. Craft, against appellants, Dane and Rosalind Edwards. The property that is the subject of this appeal is located at 4936 Cork-Cold Springs Road, Harpersfield Township, Ashtabula County, Ohio. Appellants have occupied the *Page 2 
premises in question for approximately 23 years. For six years, the property was owned by Ms. Ester Fidel. Upon her death, Ms. Fidel's son, Mr. Thomas Fidel, acquired the property and allowed appellants to continue to rent the property. While there was no written agreement between appellants and the Fidels, appellants had been paying rent in the amount of $200 per month since they began occupying the premises 23 years ago.
 {¶ 3} Appellees purchased the property pursuant to a land installment contract. In December 2006, appellees notified appellants that rent for the property would be increased to $700 per month, starting January 1, 2007. Appellants, although aware of the rent increase, tendered a check to appellees in the amount of $200, which appellees refused to accept.
 {¶ 4} On January 17, 2007, appellees served appellants with a three-day notice to vacate the premises. Appellants did not vacate the property. On January 22, 2007, a complaint for forcible entry and detention was filed in the Ashtabula County Court, Western Division. Appellants, acting pro se, filed an answer, a counterclaim, and a motion to transfer the case to the Ashtabula County Court of Common Pleas on February 16, 2007. The trial court granted the motion to transfer, and the case was certified to the Ashtabula County Court of Common Pleas, General Division, on March 14, 2007.
 {¶ 5} An amended complaint in forcible entry and detainer was filed by appellees on April 30, 2007, alleging that appellants were in unlawful possession of the property. Appellees also claimed they were owed rental payments in the amount of $700 per month commencing January 1, 2007. Appellees demanded restitution of the *Page 3 
premises and a judgment in the amount of rent owed, interest, bank fees, unpaid utility bills, cost of any damage to the property, and the cost of the action. Also on April 30, 2007, appellants filed an amended answer and counterclaim with a jury demand. As their first counterclaim, appellants asserted that they were entitled to occupy the property because they met the terms of the rental agreement established with the Fidels. Further, appellants, in their second counterclaim, claimed damages in excess of $50,000 as a result of appellees conspiring to extort monies from appellants.
 {¶ 6} On May 21, 2007, appellees filed a "motion for hearing on first cause of action of plaintiffs complaint," the claim for forcible entry and detainer. Appellants filed a motion to dismiss the action for lack of jurisdiction, which was denied by the trial court. On June 7, 2007, appellants filed a motion for a temporary restraining order, a motion to dismiss and impose sanctions, and a motion to dismiss Rosalind Edwards as a named defendant. A judgment entry, issued by the trial court on June 8, 2007, denied appellants' motion to dismiss for lack of jurisdiction.
 {¶ 7} On June 22, 2007, appellants filed a motion to dismiss for lack of subject matter jurisdiction and insufficiency of process under Civ. R. 12(B). Appellees filed a motion for an order requiring appellants to post bond on July 12, 2007. The trial court granted appellees' motion to post bond and ordered appellants to post a cash bond in the amount of $9,000 with the clerk of courts no later than July 27, 2007. On July 19, 2007, appellants filed a motion for the trial court to reverse and vacate its order for appellants to post a bond and a motion for the trial court to allow appellants to file a brief. The next day, appellants filed a motion to expedite answer of appellants' interrogatories. In a judgment entry dated August 22, 2007, the trial court denied *Page 4 
appellants' motion to dismiss and impose sanctions, motion to dismiss Rosalind Edwards as a defendant, motion to dismiss for lack of subject matter jurisdiction, motion for court to reverse and vacate its order for appellants to post bond, and motion to expedite answering of appellants' interrogatories. In that same entry, the trial court granted appellants' motion for a temporary restraining order and motion to allow appellants to file a brief. Appellants failed to post the required bond.
 {¶ 8} On August 31, 2007, appellees filed a motion for summary judgment on count one of their amended complaint. Appellants filed a motion for contempt of court and reasonable fees and expenses and a motion to deny appellees' motion for summary judgment on September 4, 2007. On November 26, 2007, the trial court granted appellees' motion for summary judgment and denied appellants' motion to deny appellees' motion for summary judgment and appellants' amended counterclaim. Further, the trial court ordered appellants to vacate the premises within seven days and scheduled the matter for a jury trial as to count two of appellees' amended complaint and count two of appellants' amended counterclaim.
 {¶ 9} On December 3, 2007, appellants filed a motion for the trial court to reverse and vacate its order granting summary judgment and a motion to stay the eviction action pending appeal and recommendation of bond. The trial court issued a judgment entry staying the execution pending appeal dependent upon the following conditions: "1. [t]he Defendant filing a Notice of Appeal with the Eleventh District Court of Appeals; and 2. [f]iling a $16,800 bond, with a surety approved by the Court, on or before, December 6, 2007." Appellants then filed a motion requesting the real property to be considered the surety for bond, which was denied by the trial court. On December *Page 5 
6, 2007, appellants filed with the clerk of courts a supersedeas bond in the amount of $16,800. Appellants filed a motion for a new trial on December 10, 2007. The trial court denied the motion for a new trial.
 {¶ 10} Thereafter, appellants filed a timely notice of appeal and, on appeal, assert the following ten assignments of error:
 {¶ 11} "[1.] The trial court erred by not dismissing the appellees' first and second cause of action because the appellees brought this action in their own name and are not the owners of record. The trial court lacked subject matter jurisdiction to try the case.
 {¶ 12} "[2.] The trial court erred by not dismissing the appellees' first and second cause of action because the appellees' purchase is subject to the terms of the existing tenancy. This is jurisdictional and the court should not have granted the appellees standing to bring their action against the appellants.
 {¶ 13} "[3.] The trial court erred by not dismissing the appellees' first and second cause of action because the terms of the land installment contract bar the appellees from entering into lease agreements without written agreement of the vendor, owner.
 {¶ 14} "[4.] The trial court erred by not dismissing the appellees['] first and second cause of action because the appellants' lease was never terminated prior to the 3-day notice to vacate. The trial court lacked subject matter jurisdiction to try the case.
 {¶ 15} "[5.] The trial court erred by not recognizing the appellants['] current legal lease position and then ruling on issues of law that adversely affected the appellants.
 {¶ 16} "[6.] The trial court erred by stating that the appellants' lease terminated with the land installment purchase by the appellees. *Page 6 
 {¶ 17} "[7.] The trial court erred by granting the appellees' motion for summary judgment.
 {¶ 18} "[8.] The trial court erred by granting the appellees' motion for bond and then denying the appellants' right to a trial by jury for not complying with an unlawful order.
 {¶ 19} "[9.] The court erred by not allowing the appellants a trial by Jury on the claims and counterclaims together.
 {¶ 20} "[10.] The trial court erred by not ruling on the appellants' motion for contempt and thus denying it."
 {¶ 21} For purposes of this appeal, we will address appellants' assignments of error out of numerical order. Under assignments of error one and three, appellants argue that appellees erred when they initiated the instant action, since they are not the owners of record. Further, appellants assert that since appellees were not the owners of the property, they could not change the terms of the lease agreement created with the Fidels.
 {¶ 22} In the instant case, appellees executed a land installment contract with Mr. Fidel, in which he conveyed the property in question to appellees. Upon execution of the contract, Mr. Fidel continued to hold legal title to the property, but appellees became an equitable owner of the property.
 {¶ 23} As defined in R.C. 5313.01(A), a land installment contract is an agreement "under which the vendor agrees to convey title in real property * * * to the vendee and the vendee agrees to pay the purchase price in installment payments, while the vendor retains title to the property as security for the vendee's obligation." "`Vendee' means the *Page 7 
person who acquires an interest in property pursuant to a land installment contract, or any legal successor in interest to that person." R.C. 5313.01(D). (Emphasis added.) Thus, the seller retains legal title until the purchaser of the land installment contract satisfies the terms of the contract; however, the purchaser of the land installment contract "stands as an equitable owner of the property sold under the contract." Blue Ash Bldg. Loan Co. v. Hahn (1984),20 Ohio App.3d 21, paragraph two of the syllabus.
 {¶ 24} Therefore, since appellees purchased the property pursuant to a land installment contract, they are the equitable owners of the property sold under the contract. Accordingly, as the equitable owners of the property, appellees were entitled to initiate the instant action.
 {¶ 25} In addition, appellants argue that appellees do not have written permission from Mr. Fidel to change the existing terms of the lease. However, the only evidence presented by appellants in order to support their contention is an excerpt from the land installment contract, which prohibits appellees from selling, assigning, or transferring the contract and allows Mr. Fidel the right to declare the contract null and void if appellees sell, assign, transfer, or lease the property without first obtaining written consent before the deed is delivered to appellees.
 {¶ 26} Pursuant to App. R. 16(A)(7), an appellant is required to include in his appellate brief "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." *Page 8 
 {¶ 27} In Hawkins v. Anchors, 11th Dist. Nos. 2002-P-0098, 2002-P-0101, and 2002-P-0102, 2004-Ohio-3341, at ¶ 59-60, quoting S.Russell v. Upchurch, 11th Dist. Nos. 2001-G-2395 and 2001-G-2396, 2003-Ohio-2099, at ¶ 10, this court stated:
 {¶ 28} "`An appellant "bears the burden of affirmatively demonstrating error on appeal." Concord Twp. Trustees v. Hazelwood Builders (Mar. 23, 2001), 11th Dist. No. 2000-L-040, 2001 Ohio App. LEXIS 1383. It is not the obligation of an appellate court to search for authority to support an appellant's argument as to an alleged error. See Kremer v. Cox
(1996), 114 Ohio App.3d 41, 60 * * *. Furthermore, if an argument exists that can support appellant's assignments of error, "it is not this court's duty to root it out." Harris v. Nome, 9th Dist. No. 21071, 2002-Ohio-6994, * * *.' (Parallel citations omitted.)"
 {¶ 29} Based on the foregoing, appellants' first and third assignments of error are overruled.
 {¶ 30} Since appellants' second, fourth, sixth, and seventh assignments of error are interrelated, we will consider them together. Appellants allege that since they were under an oral lease agreement with the Fidels, the appellees' land installment purchase was subject to the existing terms of appellants' tenancy. Further, appellants argue that appellees did not comply with the notice requirement of R.C. 5321.17(B) and, therefore, the trial court erred in entering summary judgment on behalf of appellees. We disagree.
 {¶ 31} Pursuant to Civ. R. 56(C), summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. In addition, it must appear from the evidence and stipulations that reasonable minds can come to only one *Page 9 
conclusion, which is adverse to the nonmoving party. Civ. R. 56(C). The standard of review for the granting of a motion for summary judgment is de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105.
 {¶ 32} "Since summary judgment denies the party his or her `day in court' it is not to be viewed lightly as docket control or as a `little trial.' The jurisprudence of summary judgment standards has placed burdens on both the moving and the nonmoving party. In Dresher v.Burt, the Supreme Court of Ohio held that the moving party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record before the trial court that demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. The evidence must be in the record or the motion cannot succeed. The moving party cannot discharge its initial burden under Civ. R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case but must be able to specifically point to some evidence of the type listed in Civ. R. 56(C) that affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. If the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden outlined in the last sentence of Civ. R. 56(E) to set forth specific facts showing there is a genuine issue for trial. If the nonmoving party fails to do so, summary judgment, if appropriate shall be entered against the nonmoving party based on the principles that have been firmly established in Ohio for quite some time in Misteff v.Wheeler (1988), 38 Ohio St.3d 112.
 {¶ 33} "* * * *Page 10 
 {¶ 34} "The Supreme Court in Dresher went on to hold that whenneither the moving nor nonmoving party provides evidentiary materials demonstrating that there are no material facts in dispute, the moving party is not entitled to a judgment as a matter of law as the moving party bears the initial responsibility of informing the trial court of the basis for the motion, `and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim.' [Dresher v. Burt, 75 Ohio St.3d at 276.]" Welch v. Ziccarelli, 11th Dist. No. 2006-L-229,2007-Ohio-4374, at ¶ 40-42. (Emphasis in original.)
 {¶ 35} As recognized by the trial court in its November 26, 2007 judgment entry, a valid written lease agreement did not exist between appellants and the Fidels, thus creating a tenancy at will. "Upon payment and acceptance of rent, [the] tenancy at will then converts to a periodic tenancy." Manifold v. Schuster (1990), 67 Ohio App.3d 251, 255. (Citations omitted.) "Possession taken and rents paid under a defectively executed lease creates a tenancy from year to year, or month to month, dependent upon the terms as to payment of rentals * * *."Lithograph Bldg. Co. v. Watt (1917), 96 Ohio St. 74, paragraph six of the syllabus. In the instant case, appellants were in possession of the property and paid rent in monthly installments. Consequently, a month-to-month tenancy was created.
 {¶ 36} Further, before a court will order a tenant to vacate the premises through a forcible entry and detainer action, the landlord must follow a three-step process. Siegler v. Batdorff (1979),63 Ohio App.2d 76, 82. The landlord must provide (1) a notice of termination of tenancy; (2) a notice to vacate the premises [pursuant to R.C. 1923.04]; and then the landlord must file (3) a complaint in forcible entry and detainer. Id. In the *Page 11 
present case, since a month-to-month tenancy was in existence, the notice of termination is governed by R.C. 5321.17(B), which provides, in pertinent part, that "the landlord or the tenant may terminate or fail to renew a month-to-month tenancy by notice given the other at least thirty days prior to the periodic rental date."
 {¶ 37} Appellants argue that since appellees signed the land installment contract on December 29, 2006 and issued the three-day notice to vacate on January 16, 2007, they were never lawfully notified of the rental increase. Appellees filed an affidavit with the trial court averring that they purchased said property from its previous owner in November 2006 and had informed appellants in December 2006 that the rental of said premises would increase to $700, effective January 2007.
 {¶ 38} After appellees satisfied their initial burden, appellants, as the nonmoving party, bore the responsibility to provide the trial court with evidentiary material that would demonstrate a genuine issue for trial. See, e.g., Civ. R. 56(E). While appellants claimed in their opposition to the motion for summary judgment that appellees' affidavit was "false," they failed to provide the trial court with any evidentiary material that would demonstrate a genuine issue of material fact.
 {¶ 39} To further support their contention that they did not receive adequate notice, appellants attached a copy of the land installment purchase contract to their motion in opposition of summary judgment. However, this evidence is not the type of evidence upon which a trial court may consider under Civ. R. 56. Since a copy of the land installment contract does not constitute evidence as outlined by Civ. R. 56(C), appellants were required to include this document by reference in an affidavit, pursuant to Civ. R. 56(E). LRL Props. v. Portage Metro. Hous.Auth. (Dec. 17, 1999), 11th Dist. *Page 12 
No. 98-P-0070, 1999 Ohio App. LEXIS 6130, at *23. (Citations omitted.) "Documents submitted in opposition to a motion for summary judgment which are not sworn, certified, or authenticated by way of affidavit have no evidentiary value and may not be considered by the trial court in deciding whether a genuine issue of material fact remains for trial." Id. at *24.
 {¶ 40} While we recognize that appellants were acting in a pro se capacity, the Tenth Appellate District, in State v. Pryor, 10th Dist. No. 07-AP-90, 2007-Ohio-4275, at ¶ 9, has stated:
 {¶ 41} "`While one has the right to represent himself or herself and one may proceed into litigation as a pro se litigant, the pro se litigant is to be treated the same as one trained in the law as far as the requirement to follow procedural law and the adherence to court rules. If the courts treat pro se litigants differently, the court begins to depart from its duty of impartiality and prejudices the handling of the case as it relates to other litigants represented by counsel.'" (Citations omitted.)
 {¶ 42} Since appellants failed to comply with the Ohio Rules of Civil Procedure and further failed to rebut appellees' affidavit, we determine that the trial court did not err in entering summary judgment on behalf of appellees.
 {¶ 43} As declared by the trial court in its judgment entry, appellees complied with the notice to terminate the tenancy as required by R.C. 5321.17(B). The trial court noted that appellants were informed, in December 2006, "that the rent was increasing to $700.00 per month starting in January 2007 * * *." Further, "although the [appellants] were aware of the increase and made no formal objection, [appellants] only tendered $200.00 to [appellees] in and for the January 2007 rent, which [appellees] refused to *Page 13 
accept." Since the rent was not paid, appellees served appellants with a three-day notice to leave the premises on January 16, 2007. Appellants did not vacate the premises and, therefore, appellees filed a complaint in forcible entry and detainer on January 22, 2007, later amending the complaint on April 30, 2007.
 {¶ 44} In addition, appellants contend that a genuine issue of material fact exists for the trial court on the issue of part performance. However, our decision regarding appellants' fifth assignment of error renders analysis of this argument moot.
 {¶ 45} As such, appellants' second, fourth, sixth, and seventh assignments of error are without merit.
 {¶ 46} Appellants argue, under the fifth assignment of error, that although the lease was oral, it was removed from the statute of frauds by part performance. In order to support their contention, appellants maintain that they have made improvements to the property and "would be defrauded by an ejectment."
 {¶ 47} R.C. 1335.04 provides "[n]o lease, estate, or interest, either of freehold or term of years, or any uncertain interest of, in, or out of lands, tenements, or hereditaments, shall be assigned or granted except by deed, or note in writing, signed by the party assigning or granting it, or his agent thereunto lawfully authorized, by writing, or by act and operation of law."
 {¶ 48} Nonetheless, Ohio courts have recognized the doctrines of promissory estoppel or partial performance can remove an agreement from the operation of the statute of frauds. Kaiser v. Caskey, 6th Dist. No. L-01-1487, 2002-Ohio-4082, at ¶ 15. (Citations omitted.) *Page 14 
 {¶ 49} "An agreement is only removed from operation of the statute [of frauds by virtue of partial performance] where the party relying on the agreement changes his position to his detriment and makes it impractical or impossible to return the parties to their original status."Weishaar v. Strimbu (1991), 76 Ohio App.3d 276, 284. (Citation omitted.) "In cases involving real estate contracts, courts have required acts such as possession, payment of consideration, and improvements on the land in order to find part performance of the contract." Stickney v.Tullis-Vermillion, 165 Ohio App.3d 480, 2006-Ohio-842, at ¶ 28. (Citation omitted.)
 {¶ 50} In the case sub judice, the record is void of any evidence that appellants changed their position in detrimental reliance upon the oral agreement. Although appellants had occupied the land for approximately 23 years, they did not provide the trial court with any evidence of improvements they made on the land. In addressing this issue, the trial court noted that appellants "are not doing any improvements or anything for Mr. Craft now. You are just living there. There's nothing in this case that you are out there adding rooms on or making improvements out on the property." As the record does not contain any evidence that appellants acted in exclusive reliance on the oral contract, changing their position to their prejudice, any parol contract by the parties was not removable from the statute of frauds by virtue of partial performance. The fifth assignment of error is without merit.
 {¶ 51} Under the eighth assignment of error, appellants maintain that the trial court failed to follow the standard as set forth in State exrel. GMS Mgt. Co. v. Callahan (1989), 65 Ohio App.3d 335, when it required them to post bond in the amount of $9,000. We disagree with appellants' contention. *Page 15 
 {¶ 52} R.C. 1923.08 states:
 {¶ 53} "No continuance in [a forcible entry and detainer] action under this chapter shall be granted for a period longer than eight days, unless the plaintiff applies for the continuance and the defendant consents to it, or unless the defendant applies for the continuanceand gives a bond to the plaintiff, with good and sufficient surety, thatis approved by the court and conditioned for the payment of rent thatmay accrue, if judgment is rendered against the defendant." (Emphasis added.)
 {¶ 54} In State ex rel. GMS Mgt. Co. v. Callahan, supra at 340, this court stated the following:
 {¶ 55} "While the delay caused by a jury demand is not usually considered a continuance, at least one appellate district has held that the bond is required under these circumstances:
 {¶ 56} "`Although a defendant in a forcible entry and detainer action has a right to a jury trial, Pernell v. Southall Realty (1974),416 U.S. 363, 384-385 * * *, the bond requirement may be regarded as a reasonable one which furthers the policy of Ohio that seeks expeditious resolution of forcible entry and detainer cases and the protection of all parties' interests.' Martin v. Rogers (1987), 42 Ohio App.3d 110, 111 * * *.
 {¶ 57} "Under this analysis, the trial court would be required to immediately determine whether the delay caused by the jury demand will be greater than eight days. Thus, the defendant's right to the jury trial would be conditioned on posting the appropriate bond. Following the policy rationale underlying the forcible entry and detainer statute, we believe this posture best implements the legislative intent of R.C. Chapter 1923." (Parallel citations omitted.) *Page 16 
 {¶ 58} In its July 12, 2007 judgment entry granting appellees' motion for an order requiring appellants to post bond, the trial court ordered a cash bond in the amount of $9,000 to be posted with the clerk of courts no later than July 27, 2007. As stated by the trial court in its judgment entry, "[f]ailure to post said bond shall result in a waiver of the jury demand and the trial shall proceed to the bench forthwith." While appellants argue they were denied the right to a trial by jury, the record demonstrates that they failed to post bond as required by the trial court. The evidence in the present case demonstrates that appellants failed to comply with R.C. 1923.08 and, absent compliance, appellants were not entitled to the continuance requested. Accordingly, appellants' eighth assignment of error is not well-taken.
 {¶ 59} In appellants' ninth assignment of error, they contend that the trial court erred in not allowing a trial by jury on the claim and counterclaims together. After a review of the record in the instant case, we disagree with this argument advocated by appellants.
 {¶ 60} On May 24, 2007, appellants moved the trial court to join all counts of the amended complaint and amended counterclaim. A review of the record illustrates that before the trial court ruled on said motion, appellees' first cause of action in the amended complaint and appellants' first amended counterclaim were disposed of through summary judgment. Upon the granting of the motion for summary judgment, the remaining counts, appellees' second cause of action and appellants' second counterclaim, remained pending in the trial court for adjudication. As such, the trial court scheduled the remaining count and counterclaim for a trial by jury. Thus, the trial court's ruling on appellants' motion to join all counts of the complaint and counterclaim *Page 17 
became moot by the trial court's subsequent ruling on appellees' motion for summary judgment. Appellants' ninth assignment of error is not well-taken.
 {¶ 61} Appellants' tenth assignment of error alleges that the appellees filed false affidavits as evidence in support of their motion for summary judgment and to influence the trial court. Further, appellants argue that the trial court should have ruled on the motion for contempt.
 {¶ 62} As previously stated, the burden rests with the appellants to make an affirmative demonstration of the alleged error with citations to the record. App. R. 16(A)(7). Yet, appellants failed to support their contention that appellees filed false affidavits in their brief. Therefore, this argument is not well-taken.
 {¶ 63} In addition, under this assignment of error, appellants are not arguing that the denial of the motion for contempt was an abuse of discretion by the trial court, but only that the trial court should have ruled on their motion for contempt. We recognize that "`when a trial court fails to rule upon a (pretrial) motion, it will be presumed that it was overruled.'" Lorain v. Hodges, 9th Dist. No. 06CA008920,2007-Ohio-456, at ¶ 11. (Citations omitted.) Therefore, the trial court's failure to rule on appellants' motion for contempt filed on September 4, 2007 in this case constitutes a denial of the motion, and this assignment of error is without merit.
 {¶ 64} The judgment of the Ashtabula County Court of Common Pleas is hereby affirmed.
MARY JANE TRAPP, J., concurs,
 COLLEEN MARY OTOOLE, J., concurs in judgment only. *Page 1