[Cite as *State ex rel. Lloyd v. Wiest*, 2023-Ohio-869.]

STATE OF OHIO      )            IN THE COURT OF APPEALS
                 )ss:         NINTH JUDICIAL DISTRICT
COUNTY OF WAYNE    )

SUSAN LLOYD                          C.A. No. 22AP0050

     Relator

     v.

JUDGE MARK WIEST

     Respondent                     ORIGINAL ACTION IN
                                           PROCEDENDO

Dated: March 20, 2023

PER CURIAM.

{¶1} Relator, Susan Lloyd, has petitioned this Court for a writ of procedendo to compel Respondent, Judge Mark Wiest, to rule on her motion for summary judgment, motion for relief from judgment, motion for reconsideration, and motion to deny summary judgment, in her underlying civil case. Because the motions have been implicitly denied, Ms. Lloyd's claim is moot, and this Court dismisses her petition.

{¶2} To obtain a writ of procedendo, Ms. Lloyd must establish that she has a clear legal right to require the judge to proceed, that the judge has a clear legal duty to proceed, and that there is no adequate remedy available in the ordinary course of law. *State ex rel. Ward v. Reed*, 141 Ohio St.3d 50, 2014-Ohio-4512, ¶ 9, citing *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462 (1995).

Procedendo is the appropriate remedy when a court has refused to render a judgment or has unnecessarily delayed proceeding to judgment. *See, e.g., State ex rel. CNG Financial Corp. v. Nadel*, 111 Ohio St.3d 149, 2006-Ohio-5344, ¶ 20. It is well-settled that procedendo will not "compel the performance of a duty that has already been performed." *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252, 253, 1998-Ohio-541.

{¶3} Ms. Lloyd sought a writ of procedendo to order Judge Wiest to rule on her motions. This Court may consider evidence outside the complaint to determine that an action is moot. *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228 (2000). According to a review of the trial court docket, the defendant in the underlying case moved for summary judgment. Judge Wiest granted the defendant's motion for summary judgment to the defendant in early 2020. Ms. Lloyd, the plaintiff in the underlying case, moved for relief from judgment and, on October 15, 2020, Judge Wiest granted Ms. Lloyd's motion. In the order granting relief from judgment, Judge Wiest granted time for Ms. Lloyd to respond to the defendant's motion for summary judgment, setting a deadline by which the trial court would rule on the defendant's motion.

{¶4} Ms. Lloyd filed the motions that are the subject of this action on October 15, 2020, a few hours after Judge Wiest's October 15 order was filed. She moved the trial court to grant relief from or reconsider the October 15 order, to deny defendant's motion for summary judgment, and to grant summary judgment in her favor. On January 7, 2021, Judge Wiest granted summary judgment in favor of defendant

{¶5} The docket reflects that Judge Wiest did not enter orders addressing the four motions Ms. Lloyd identified in her petition. Although no orders explicitly ruled on those

motions, the trial court entered judgment on January 7, 2021. "When a trial court fails to rule upon a motion, it will be presumed that it was overruled." *Georgeoff v. O'Brien*, 105 Ohio App.3d 373, 378 (9th Dist.1995). This Court has held that if a trial court fails to rule on a pending motion prior to entering judgment, it will be presumed that the trial court implicitly denied the motion. *Bies v. Huntington Natl. Bank*, 9th Dist. Summit No. 22660, 2005-Ohio-6981, ¶ 8, citing *Lorence v. Goeller,* 9th Dist. Lorain No. 04CA008556, 2005-Ohio-2678, ¶ 47. *See, also, Stepp v. Medina City School Dist. Bd. of Edn.*, 9th Dist. Medina No. 15CA0071-M, 2016-Ohio-5875, ¶ 38 (failure to rule on motion to substitute attachment to motion); *George Ford Const., Inc. v. Hissong*, 9th Dist. Summit No. 22756, 2006-Ohio-919, ¶ 12 (failure to rule on motion to add party).

{¶6} In the underlying civil case, after Ms. Lloyd filed the four motions that form the basis of her petition, Judge Wiest entered judgment. The entry of judgment in the underlying case implicitly overruled Ms. Lloyd's motions. Procedendo will not compel the performance of a duty that has already been performed. An order directing Judge Wiest to rule on the motions "would require a vain act, and this court will not countenance such an act by issuance of the extraordinary prerogative writ of procedendo." *State ex rel. Garnett v. Lyons*, 44 Ohio St.2d 125, 127 (1975). *See, also, State ex rel. Morenz v. Kerr*, 104 Ohio St.3d 148, 2004-Ohio-6208, ¶ 36 (dismissing procedendo claim as moot because procedendo will not issue to compel a vain act). Accordingly, Ms. Lloyd's claim is moot.

{¶7} Because Ms. Lloyd's claim is moot, this case is dismissed.

{¶8} Costs are taxed to relator. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

 

JENNIFER L. HENSAL
FOR THE COURT

STEVENSON, J.
LANZINGER, J.
CONCUR.

APPEARANCES:

SUSAN LLOYD, Pro se, Relator.