**[Cite as *Downey v. Goodyear Tire & Rubber Co.*, 2025-Ohio-3256.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

JOYCE DOWNEY, et al.

    Appellees/Cross-Appellants

    v.

GOODYEAR TIRE & RUBBER CO., et al.

    Defendants

    and

HALLSTAR COMPANY, et al.,

    Appellants/Cross-Appellees

C.A. Nos.     31238
                 31246

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     AC-2021-05-1606

DECISION AND JOURNAL ENTRY

Dated: September 10, 2025

---

FLAGG LANZINGER, Presiding Judge.

{¶1} Defendants-Appellants/Cross-Appellees The Hallstar Company and Hallstar Ester Solutions Company (collectively "Hallstar Defendants") appeal the Summit County Court of Common Pleas judgment entry of dismissal. We dismiss the attempted appeal for lack of jurisdiction.

{¶2} Plaintiff-Appellee/Cross-Appellant Joyce Downey, in her individual capacity and as the executor of the Estate of David Gordon, Sr. (collectively "Downey") appeals the Summit County Court of Common Pleas judgment entry granting the Hallstar Defendants summary judgment. We affirm.

I.

{¶3} David Gordon, Sr. was employed in various capacities by the Goodyear Tire & Rubber Company ("Goodyear") during the years 1942-1943, 1946, and 1954-1986. In April 2021, Mr. Gordon was diagnosed with mesothelioma.

{¶4} In May 2021, Mr. Gordon filed a complaint against multiple defendants stating claims of asbestos-related personal injury related to his employment with Goodyear. Relevant to this appeal, Mr. Gordon's complaint asserted the Hallstar Defendants were liable for his injuries both individually and as successors-in-interest to the CP Hall Company because the CP Hall company was a manufacturer and/or supplier of asbestos products and that Mr. Gordon was exposed to that asbestos during his employment with Goodyear.

{¶5} Mr. Gordon died while this matter was pending in the trial court. Downey was substituted as the plaintiff. Thereafter, Downey filed an amended complaint asserting an additional cause of action against Goodyear and a wrongful death claim against all defendants. During a pretrial conference, the parties agreed to limit initial discovery to one element of an asbestos claim—whether Mr. Gordon was exposed to asbestos manufactured, supplied, installed, or used by the separate defendants. Consequently, the trial court issued a case management order setting deadlines for completion of product identification discovery and deadlines for the filing of dispositive motions related to product identification only.

{¶6} The Hallstar Defendants timely filed a joint motion for summary judgment. Downey filed a response in opposition, and the Hallstar Defendants filed a reply in support of their motion for summary judgment. The trial court issued a judgment entry addressing several motions for summary judgment filed by different defendants. In the judgment entry, the trial court granted summary judgment in favor of the Hallstar Defendants on the basis that the evidence did not show

the asbestos Mr. Gordon was exposed to was supplied to Goodyear by the Hallstar Defendants. The trial court dismissed Downey's claims against the Hallstar Defendants with prejudice. Downey's claims against several other defendants remained pending and the matter proceeded.

{¶7} Shortly after the trial court granted their motion for summary judgment, the Hallstar Defendants filed a joint motion for an award of sanctions and request for hearing against Downey and her trial counsel. Downey's trial counsel filed a memorandum in opposition to the motion for sanctions. The trial court did not rule on the motion.

{¶8} Following a settlement conference several months later, the trial court issued an order stating the court had been notified that the remaining claims had been resolved and ordered the remaining parties to file a final entry by August 29, 2024. The order advised that if the parties did not file a final entry by that date, the trial court would issue an order of dismissal. The remaining parties did not file a final entry by August 29, 2024, and on August 30, 2024, the trial court issued a judgment entry ordering the matter be marked settled and dismissed that all claims, counterclaims, and cross claims of any party were dismissed with prejudice. The judgment entry did not address the Hallstar Defendants' motion for an award of sanctions.

{¶9} On September 19, 2024, the Hallstar Defendants filed a joint renewed motion for an award of sanctions and renewed motion for hearing. Before the trial court ruled on the renewed motion, the Hallstar Defendants filed a notice of appeal of the August 30, 2024 judgment entry of dismissal and Downey filed a notice of cross-appeal of the interlocutory summary judgment entry as to the Hallstar Defendants only.

{¶10} The Hallstar Defendants raise two assignments of error for our review. Downey raises one assignment of error for our review.

## II.

### THE HALLSTAR DEFENDANTS' ASSIGNMENT OF ERROR ONE

**THE TRIAL COURT ERRED BY FAILING TO RULE UPON APPELLANTS' MOTION FOR AWARD OF SANCTIONS AND REQUEST FOR HEARING AND THEIR RENEWED MOTION FOR AWARD OF SANCTIONS AND RENEWED REQUEST FOR HEARING.**

### THE HALLSTAR DEFENDANT'S ASSIGNMENT OF ERROR TWO

**THE TRIAL COURT ERRED BY FAILING TO HOLD AN EVIDENTIARY HEARING UPON APPELLANTS' MOTION FOR AWARD OF SANCTIONS AND REQUEST FOR HEARING AND THEIR RENEWED MOTION FOR AWARD OF SANCTIONS AND RENEWED REQUEST FOR HEARING AS REQUIRED BY R.C. 2323.51(B)(2).**

{¶11}   In their first assignment of error, the Hallstar Defendants contend that the trial court erred by failing to rule on their motion for award of sanctions and request for hearing and their renewed motion for award of sanctions and renewed request for hearing before it issued its August 30, 2024 judgment entry of dismissal.  Alternatively, the Hallstar Defendants argue the trial court continued to possess jurisdiction to consider the motion after the notices of appeal were filed and that this matter should be remanded to the trial court to consider the motion.  Downey has countered that this Court is without jurisdiction to consider the appeal, stating that the Hallstar Defendants are "trying to secure appellate review of a 'failure to rule' that does not exist[,]" and therefore their appeal must be dismissed.

{¶12}   Ohio Const., art. IV, § 3(B)(2) limits this Court's appellate jurisdiction to the review of judgments and final orders.  It is well-settled that "a court speaks only through its journal entries . . . ." *Radcliff v. Steen Elec., Inc.*, 2005-Ohio-5503, ¶ 56 (9th Dist.).  Additionally, "failure to enter judgment . . . may be remedied by application for writ of mandamus or procedendo." *NBD Mtge. Co. v. Marzocco*, 2001 WL 1346030, *13 (2d Dist. Nov. 2, 2001).  Thus, this Court is

without jurisdiction in an appeal to consider a trial court's failure to rule, and such an appeal will be dismissed as premature.

{¶13} However, the issue here is whether the trial court's August 30, 2024, final judgment implicitly denied the Hallstar Defendants' original motion for sanctions, such that it is ripe for this Court's review. Courts consistently hold that if a trial court fails to rule on a pending motion prior to entering judgment, the motion is presumed to have been implicitly denied. *See, e.g.*, *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 223 (1994); *Lloyd v. Wiest*, 2023-Ohio-869 (9th Dist.). Courts hold with equal consistency that a motion for sanctions is ancillary to the underlying merit judgment: "A motion for sanctions under Rule 11 of the Ohio Rules of Civil Procedure creates a proceeding ancillary to and independent of the underlying case." *Dillon v. Big Trees, Inc.*, 2008-Ohio-3264, ¶ 10 (9th Dist.).

{¶14} Our review of the case law reveals that the application of these two concepts together has been inconsistent. On the one hand, the case law contains frequent and varied decisions in which courts—including our own—have considered ancillary motions to have been implicitly denied by means of the final judgment. For instance, the conclusion has been applied to a variety of ancillary motions including (1) motions for contempt; s*ee, e.g.*, *Bencin v. Bencin*, 2016-Ohio-54, ¶ 16-17 (9th Dist.); *Hollenbaugh v. Hollenbaugh*, 2014-Ohio-1124, ¶ 36 (5th Dist.); *Dozer v. Dozer*, 88 Ohio App.3d 296, 303 (4th Dist. 1993); *Sparks v. Sparks*, 2016-Ohio-2896, ¶ 12 (12th Dist.); *Dyer v. Gomez*, 2022-Ohio-1127, ¶ 59-60 (7th Dist.); *Echols v. Echols*, 2021-Ohio-969, ¶ 5 (2d Dist.); *Heimann v. Heimann*, 2022-Ohio-241, ¶9, fn.1 (3d Dist.); *Craft v. Edwards*, 2008-Ohio-4971, ¶ 63 (11th Dist.); (2) motions to compel privileged and confidential information; *see, e.g.*, *Ward v. Summa Health Sys.*, 2009-Ohio-4859, ¶ 21 (9th Dist.); *Harding v. Harding*, 2016-Ohio-7028, ¶ 10 (9th Dist.); (3) motions to suppress; *see, e.g.*, *State v. Gomez*, 2014-Ohio-

3535, ¶ 7 (9th Dist.); *Ho v. Co*, 2023-Ohio-3698, ¶ 46-47 (1st Dist.); *State v. Barnhart*, 2019-Ohio-5002, ¶11, fn.1 (6th Dist.); *State v. Everson*, 2016-Ohio-87, ¶ 51 (7th Dist.), and also (4) motions for sanctions or attorney fees, as at issue in the current matter. *See, e.g.*, *Thompson v. Cooper*, 2017-Ohio-5549, ¶ 22 (5th Dist.); *Newman v. Goodwill Columbus*, 2024-Ohio-5892, ¶ 51, fn. 6 (10th Dist.); *Ingram v. Glavin*, 2023-Ohio-1290, ¶ 59-60 (8th Dist.); *Caterpillar Fin. Servs. Corp. v. Tatman*, 2019-Ohio-2110, ¶ 26 (4th Dist.); *Fox v. Fox*, 1997 WL 232732, *6 (3d Dist. May 9, 1997); *Jones v. Cleveland Clinic Found.*, 2021-Ohio-1095, ¶ 20 (8th Dist.); *Whitt v. Vindicator Printing CP.*, 2018-Ohio-2760, ¶ 58 (7th Dist.); *Gallagher v. AMVETS Post 17*, 2009-Ohio-6348, ¶ 29 (6th Dist.).

{¶15} In the context of motions for sanction, this Court has determined that a motion for sanctions remained unresolved after final judgment. In *Pietrangelo v. PolyOne Corp.*, 2020-Ohio-2776, ¶ 13 (9th Dist.), this Court concluded without elaborating, the appellant's "'Motion to Strike and to Show Cause/for Sanctions; Alt[ernatively], to Seal' remain[ed] pending before the trial court [after the final judgment]." Similarly, the Second District ruled that a motion for sanctions was not implicitly denied in the final judgment, reasoning: "Given that proceedings under Rule 11 are collateral and incidental to the underlying action, it is possible for a trial court to enter a final judgment settling the claims of the parties to an action and retain for future determination a motion for sanctions." *Dailey v. State Farm Mut. Auto. Ins. Co.*, 1994 WL 527677, *3-4 (2d Dist. Sept. 27, 1994); *see also Foland v. Englewood*, 2010-Ohio-1905, ¶ 21 (2d Dist.). And the Eighth District followed that reasoning in a 2018 case: "A motion for sanctions is a demand for collateral relief separate from the underlying action. There is a distinction that must be recognized between a claim for attorney fees set forth in a complaint and a motion for sanctions made pursuant to Civ.R. 11." (Citation omitted.) *Hendry v. Lupica*, 2018-Ohio-291, ¶ 21 (8th Dist.); *but see Zhong v.*

*Liang*, 2020-Ohio-3724, ¶ 21 (8th Dist.) (determining that a sanctions order was not final until the remainder of case was resolved).

{¶16} Consistent with our decision in *Pietrangelo*, *supra*, the better approach is to treat ancillary motions such as pre-judgment motions for sanctions as independent from the trial court's final judgment, and, therefore, not implicitly denied by means of it. *But see* R.C. 2505.02(B)(4) (ancillary motions may be appealed immediately or after final judgment); App.R. 4(B)(5) (allowing ancillary motions for provisional remedy to be appealed after final judgment). Applying that conclusion to the instant appeal, we determine that the trial court has yet to resolve appellant's motion for sanctions. As the motion has been neither expressly nor implicitly denied, the trial court has not issued a final sanctions order that may be appealed.

{¶17} Therefore, the Hallstar Defendants' appeal is dismissed for lack of jurisdiction.

### CROSS-APPELLANT'S ASSIGNMENT OF ERROR

**THE COMMON PLEAS COURT ERRED, AS A MATTER OF LAW, BY MISINTERPRETING R.C. 2307.96 AND GRANTING SUMMARY JUDGMENT IN FAVOR OF THE HALLSTAR DEFENDANTS.**

{¶18} In her sole assignment of error, Downey contends that the trial court erred in granting summary judgment to the Hallstar Defendants because the evidence shows Mr. Gordon's exposure to the Hallstar Defendants' asbestos was a substantial factor in causing his injury. We do not reach the merits of Downey's arguments because the trial court did not grant the Hallstar Defendants summary judgment on that issue.

{¶19} To prevail on an asbestos-related personal injury claim, a plaintiff must prove that he was (1) "exposed to asbestos that was manufactured, supplied, installed, or used by the defendant in the action[;]" and (2) "the plaintiff's exposure to the defendant's asbestos was a

substantial factor in causing the plaintiff's injury or loss. R.C. 2307.96(B). Pursuant to Civ.R. 56(C), summary judgment is appropriate when:

> (1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶20} In its judgment entry granting summary judgment, the trial court noted "the parties agreed that a deadline would be set to file motions for summary judgment as to product identification" and "[o]nce product identification issues were considered and ruled upon, a second round of discovery and summary judgment motions would be considered." The trial court then stated that "[a]t this stage of the litigation, the Court considers the first prong of the test explained above, i.e., whether Gordon was exposed to asbestos 'manufactured, supplied, installed, or used' by the specific defendant." In specifically considering the Hallstar Defendants' motion, the trial court found Downey's position that the evidence showed Mr. Gordon worked with asbestos supplied by Hallstar was "untenable[,]" and granted summary judgment on that basis alone.

{¶21} Downey's argument on appeal focuses entirely on the second prong of the test— whether Mr. Gordon's alleged exposure was a *substantial factor* in causing his injury. However, as explained above, the trial court did not consider the second prong of the test. The trial court did note that many defendants had filed motions for summary judgment addressing issues beyond production identification, but expressly stated the issue of causation was not yet ripe for its consideration.

{¶22} Although our review of summary judgment is de novo, we have long held that when an appellant fails to develop an argument, this Court will not create one for it. *See Cardone v. Cardone*, 1998 WL 224934, *8 (9th Dist. May 6, 1998). "If an argument exists that can support [an] assignment of error, it is not this [C]ourt's duty to root it out." *Id.* Because the trial court granted the Hallstar Defendants' motion for summary judgment based on the first prong of the test only and because Downey only raises arguments related to the second prong, Downey has not shown the trial court erred in granting the Hallstar Defendants summary judgment.

{¶23} Downey's sole assignment of error is overruled.

III.

{¶24} The Hallstar Defendants' appeal is dismissed. Downey's sole assignment error is overruled.

Appeal dismissed in case No. 31238,
judgment affirmed in case No. 31246.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.


JILL FLAGG LANZINGER
FOR THE COURT

HENSAL, J.
STEVENSON, J.
<u>CONCUR.</u>


<u>APPEARANCES:</u>

MARK L. KARASIK, Attorney at Law, for Appellants/Cross-Appellees.

PAUL W. FLOWERS, LOUIS E. GRUBE, and MELISSA A. GHRIST, Attorneys at Law, for Appellees/Cross-Appellants.

JAMES L. MCCRYSTAL, JR. and ROBERT E. CAHILL, Attorneys at Law, for Appellees/Cross-Appellants.

THOMAS W. BEVAN, JOSHUA P. GRUNDA and BRENNAN T. OSBORN, Attorneys at Law for Appellees/Cross-Appellants.