[Cite as *State ex rel. Petway v. Croce*, 2026-Ohio-1016.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO EX REL. DEVON
PETWAY

    Relator

    v.

JUDGE CHRISTINE CROCE

    Respondent

C.A. No.    31742

ORIGINAL ACTION IN PROCEDENDO

Dated: March 25, 2026

PER CURIAM.

{¶1} Relator, Devon Petway, has petitioned this Court for a writ of procedendo, or in the alternative, a limited mandamus against Respondent, Judge Croce. Ms. Petway asks this Court to direct Judge Croce to rule on pending motions related to the release of settlement funds and to resolve ADA accommodation concerns before holding an evidentiary hearing. For the following reasons, we dismiss the petition.

{¶2} To obtain a writ of procedendo, Ms. Petway must establish that she has a clear legal right to require Judge Croce to proceed, the judge has a clear legal duty to proceed, and there is no adequate remedy available in the ordinary course of law. *State ex rel. Ward v. Reed*, 141 Ohio St.3d 50, 2014-Ohio-4512, ¶ 9. "Procedendo is the appropriate remedy when a court has refused to render a judgment or has unnecessarily delayed proceeding to judgment." *Lloyd v. Wiest*, 2023-Ohio-869, ¶ 2 (9th Dist.). It is well-settled that procedendo will not "compel the performance of

a duty that has already been performed." *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252, 253, 1998-Ohio-541. "This Court may consider evidence outside the complaint to determine that an action is moot." *Lloyd* at ¶ 3.

{¶3} According to the complaint, Ms. Petway entered into a settlement agreement in a civil case in which she was the plaintiff. Her former attorney then filed a charging lien against a portion of the settlement. The complaint avers that Judge Croce failed to rule on several motions Ms. Petway filed regarding the enforcement of the settlement agreement and the release of the settlement funds. It further alleges that Judge Croce anticipates holding a hearing to take evidence on the charging lien. According to the complaint, Ms. Petway is a qualified individual with a disability under the ADA and requires certain accommodations to be able to participate in the evidentiary hearing. Ms. Petway seeks an order directing Judge Croce to: (1) rule on pending motions; (2) "resolve and implement reasonable ADA accommodations before conducting any charging lien evidentiary hearing;" and (3) otherwise grant relief as justice requires.

{¶4} The docket in Ms. Petway's civil case reflects that, on February 6, 2026, Judge Croce held an evidentiary hearing on the charging lien filed by Ms. Petway's former attorney. It further reflects that, on February 13, 2026, Judge Croce issued a decision. Judge Croce entered judgment on the charging lien, ordered the settlement funds distributed, and denied all other pending motions. Finally, the docket reflects that, five days later, the defendant in the civil case filed a notice of compliance, notifying the court that the settlement funds had been distributed in accordance with its judgment.

{¶5} As noted, procedendo will not compel the performance of a duty that has already been performed. *Lloyd*, 2023-Ohio-869, at ¶ 6 (9th Dist.). An order directing Judge Croce to rule on pending motions or to address ADA accommodations related to hearing that has already

occurred "would require a vain act, and this court will not countenance such an act by issuance of the extraordinary prerogative writ of procedendo." *State ex rel. Garnett v. Lyons*, 44 Ohio St.2d 125, 127 (1975). *See also State ex rel. Morenz v. Kerr*, 2004-Ohio-6208, ¶ 36 (dismissing procedendo claim as moot because procedendo will not issue to compel a vain act). Accordingly, Ms. Petway's claim is moot.

{¶6} Because Ms. Petway's claim is moot, her complaint is dismissed. All other outstanding motions are denied. Costs of this action are taxed to Ms. Petway. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

SCOT A. STEVENSON
FOR THE COURT

FLAGG LANZINGER, J.
SUTTON, J.
CONCUR.

APPEARANCES:

DEVON PETWAY, Pro Se, Relator.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Respondent.